# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 29, 2014 Session

## MASTON G. LYONS, III, ET AL. v. FIELDING H. ATCHLEY, JR.

**Appeal from the Circuit Court for Hamilton County**
No. 09 C 1561     Lawrence H. Puckett, Judge Sitting By Interchange

---

**No. E2013-02342-COA-R3-CV-FILED-JANUARY 20, 2015**

---

Maston G. Lyons, III and Linda C. Lyons ("Plaintiffs") sued attorney Fielding H. Atchley, Jr. ("Defendant") alleging, in part, that Defendant had breached a duty that "cost the Plaintiffs their fair and complete hearing in *Lyons v. Leffew et al.,*" and that the alleged breach had "costs [sic] the Plaintiffs their fiduciary interest in said case." Both sides filed motions for summary judgment. After a hearing on the parties' motions, the Circuit Court for Hamilton County ("the Trial Court") granted Defendant summary judgment. Plaintiffs appeal the grant of summary judgment and the award to Defendant of attorney's fees for defending against Plaintiffs' Rule 11 motion for sanctions. We find and hold that Plaintiffs sustained no damage as a result of the alleged action or inaction of Defendant and, therefore, the Trial Court did not err in granting Defendant summary judgment as a matter of law. We further find and hold that the Trial Court did not abuse its discretion in awarding reasonable attorney's fees to Defendant for opposing Plaintiffs' Rule 11 motion for sanctions. We affirm the Trial Court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Maston G. Lyons, III, and Linda C. Lyons, Hixson, Tennessee, pro se appellants.

Arthur P. Brock, and William J. Rieder, Chattanooga, Tennessee, for the appellee, Fielding H. Atchley, Jr.

# OPINION

## Background

Defendant represented Mrs. Lyons in a legal matter involving Sylvan Learning Center, which was concluded in early 2007. During that representation, Mrs. Lyons consulted with Defendant about another case, *Lyons v. Leffew*, a previously existing case that Plaintiffs had filed *pro se* seeking specific performance of an alleged contract for the sale of real property. Plaintiffs assert that they hired Defendant to represent them in *Lyons v. Leffew*. Defendant asserts that Plaintiffs consulted him, but never actually hired him with regard to *Lyons v. Leffew*.

Plaintiffs learned in March 2009 that a default judgment against them had been entered in July of 2008 in *Lyons v. Leffew*. Plaintiffs filed suit against Defendant in December of 2009 alleging that Defendant had breached a duty that "cost the Plaintiffs their fair and complete hearing in *Lyons v. Leffew et al.,*" and that the alleged breach had "costs [sic] the Plaintiffs their fiduciary interest in said case."

Both Plaintiffs and Defendant filed motions for summary judgment. After a hearing, the Trial Court entered its order on November 26, 2012 granting Defendant summary judgment after finding and holding, *inter alia*, that "the failure of [Defendant] to pursue Lyons v. Leffew on [Plaintiffs'] behalf as a matter of law and in fact (as undisputed in the material facts before the court) did not cause plaintiffs any loss."

On December 19, 2012 Plaintiffs filed a motion to alter or amend and a motion seeking sanctions against Defendant's attorney pursuant to Tenn. R. Civ. P. 11. In the motion for sanctions Plaintiffs state, among other things:

> The Plaintiffs state that because of the defense's meritless [sic] filings valuable resources have been wasted in the process. The defenses' [sic] continuing claims of legal malpractice while the plaintiffs were claiming no work was done to utilize [Defendant's] legal expertise and the plaintiffs' Complaint based in tort and now the defense's unsubstantiated claims in reference to the underlying case of *Lyons v. Leffew* demonstrate the lack of reasonable inquiry into all the facts and the law.

After a hearing the Trial Court entered its order on March 14, 2014 denying both Plaintiffs' motion to alter or amend and Plaintiffs' motion for sanctions. In the March 14, 2014 order the Trial Court also awarded Defendant reasonable attorney's fees of $1,271.00 for opposing Plaintiffs' motion for sanctions. Plaintiffs appeal to this Court.

## Discussion

We restate the issues on appeal as: 1) whether the Trial Court erred in granting summary judgment to Defendant, and 2) whether the Trial Court erred in awarding attorney's fees to Defendant for opposing Plaintiffs' Rule 11 motion for sanctions.

We first address whether the Trial Court erred in granting summary judgment to Defendant. As this case was filed prior to July of 2011, we utilize the summary judgment standard as reiterated by our Supreme Court as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952

S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

The parties disagree as to the gravamen of Plaintiffs' claims. Defendant classifies the claims as sounding in legal malpractice. Plaintiffs assert that their claims sound in fraud and misrepresentation and not legal malpractice. In either instance, Plaintiffs in order to prevail would be required to show that they suffered damages as a result of the alleged actions or inaction of Defendant. Plaintiffs assert that the alleged actions or inaction "cost the Plaintiffs their fair and complete hearing in *Lyons v. Leffew et al.*" Thus, Plaintiffs to be successful in their claims against Defendant must prove that if not for Defendant's alleged actions or inaction Plaintiffs more than likely would have been successful in *Lyons v. Leffew*.

In *Lyons v. Leffew*, Plaintiffs sought specific performance of a contract for the purchase of real property. In its order granting Defendant's motion for summary judgment in the case now before us, the Trial Court specifically found and held, *inter alia*:

Plaintiff's lawsuit against [Defendant] fails because the failure of [Defendant] to pursue Lyons v. Leffew on their behalf as a matter of law and in fact (as undisputed in the material facts before the court) did not cause plaintiffs any loss.

This conclusion arises from the simple fact that, with or without [Defendant], plaintiffs could not prevail on the merits of their claims brought in Lyons v. Leffew. The basis for the conclusion that plaintiff's claims against the defendants in Lyons v. Leffew lack merit follows.

\* \* \*

It is undisputed that no enforceable written contract for the sale of Leffew's property was in force after the closing date of September 1, 2005 passed.

The contract reads:

-4-

19. Closing Date: This contract shall be closed and the deed and possession shall be delivered on or before the 1st day of September, 2005, unless extended by other provisions of this contract.

and

21. Other agreements: No agreements or representations, unless incorporated in this contract, shall be binding upon any of the parties.

In paragraph 3 of defendant's statement of undisputed facts which plaintiffs admit, it is undisputed that:

On September 1, 2005, plaintiffs had not secured either the necessary financing to pay the purchase price of the property [$115,000.00], nor had they conducted the requisite appraisal on the property. Deposition of Linda Lyons' ("L. Lyons' Depo.") . . . p. 33.

and in paragraph 4 of the defendant's statement of undisputed facts:

4. Therefore, the closing did not occur on September 1, 2005. L. Lyons Depo., p. 63.

Plaintiffs denied paragraph 5 of defendant's statement of undisputed material facts that states:

5. Following the Lyons' failure to perform on the contract, Mrs. Lyons' [sic] stated that the terms of the contract were orally altered. L. Lyons [sic] Depo., p. 67

However, plaintiffs explain their dispute of this fact in their response to defendant's statement of undisputed material facts:

5. Denied. The reference is of page 67 of the L. Lyons' deposition, yet there is no discussion of when the closing date was changed in that reference. One week after signing the

contract, the Lyons' told Leffew about significant structural issues with the property not observable at showing. Leffew said she did not have the money to repair the property but wanted the Lyons' to complete the work and they agreed the cost would be about $10,000.00 which would be credited toward the purchase price. It was agreed the appraisal could not take place or closing occur on the previously anticipated date, and the date would be chosen after the work was completed.

Therefore, it is undisputed that more than the time of closing was orally changed. Therefore, the line of cases cited by plaintiffs in support of the legal proposition that the written contract survives the oral modifications are [sic] not applicable to the Leffew / Lyons' written sales contract involved in Lyons v [sic] Leffew. That written contract, as allegedly orally modified, is not enforceable as a matter of law. An oral agreement putting off the date of closing is not all that is alleged by Plaintiffs nor supported by the undisputed facts. Rather, plaintiffs allege an oral modification that altered the conditions of sale so that plaintiffs could effect repairs to the premises approximated by the parties to be around $10,000.00 and provided further that the cost of repairs would be credited on the purchase price. Also the time in which plaintiffs were to complete appraisal of the property was changed to occur after the repairs were completed. Paragraph 6 of defendant[']s undisputed material facts is admitted by plaintiffs:

> 6. Admitted that the agreement was that the Lyons' [sic] would use the $10,000.00 to make the necessary repairs to the property for the appraisal and owe the remaining $105,000.00 to Leffew with receipts, making $115,000.00.

Plaintiffs cite the case of Davidson v. Wilson 2010 Tenn. App. LEXIS 393. However, the holding in that case does not support plaintiffs' contention that the oral modifications to their written contract with Leffew are enforceable.

In Davidson, the court held that "the parties' oral agreement would be unenforceable . . . because it did not merely change the time for performance of the contract." The court noted that "In addition to extending the closing date until the Davidson's concerns with the closing documents could be adequately addressed, the parties verbally agreed to obtain a survey of the land described and to adjust the purchase price based on results of the survey."

Similarly, plaintiffs' alleged oral modifications to the written sales contract with Leffew added a provision for the house to be repaired at plaintiffs' expense up to an unspecified amount but estimated to be around $10,000,00 [sic] and for the purchase price to be adjusted accordingly based on repairs. One can hardly imagine a scenario of dealings between parties that would more completely bespeak the wisdom of the statute of frauds than this one.

The potential for fraud between one or another of the parties based on the alleged oral modifications are too numerous to recount. However, for starters, what if repairs were done by plaintiffs without charge by a third party? How would the parties ascertain the value of the repairs and ascertain plaintiffs' credit on the purchase price? Or could plaintiffs have forgone making any repairs and enforced a purchase price that nevertheless, reduced the purchase price by $10,000.00. If receipts for repairs exist they are not a part of the record before the court. It is sufficient for the court here to conclude, as the court in <u>Davidson</u> concluded, that the modifications [as alleged] changed the essential terms of the contract, such that the changes to the contract are required by law to be in writing pursuant to the statute of frauds. Therefore, the alleged contract for which plaintiffs seek specific performance against Leffew in <u>Lyons v. Leffew</u> and in this case <u>Lyons v. Atchley</u> is not enforceable.

As pertinent to the issue before us, the statute of frauds provides:

**29-2-101. Writing required for action.**

(a) No action shall be brought:

\* \* \*

(4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one (1) year; or

\* \* \*

unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party. In a contract for the sale of lands, tenements, or hereditaments, the party to be charged is the party against whom enforcement of the contract is sought.

Tenn. Code Ann. § 29-2-101 (2012).

In the case now before us, the Trial Court found that there was no dispute that "no enforceable written contract for the sale of Leffew's property was in force after the closing date of September 1, 2005 passed." The Trial Court also found that the agreement for which Plaintiffs were seeking specific performance in *Lyons v. Leffew* was an oral agreement not reduced to writing for the sale of land and, therefore, was unenforceable, and that this was undisputed. We agree with the Trial Court.

The statute of frauds, Tenn. Code Ann. § 29-2-101, requires that an action for the sale of real property may not be sustained absent a writing "signed by the party to be charged therewith, or some other person lawfully authorized by such party." Tenn. Code Ann. § 29-2-101 (2012). As the actual agreement that Plaintiffs sought to enforce in *Lyons v. Leffew* was an oral agreement for the sale of real property and not the original written agreement between the Plaintiffs and Leffew, Plaintiffs, as found by the Trial Court, could not have prevailed in *Lyons v. Leffew*. As such, the outcome of *Lyons v. Leffew* would have been no different had Defendant taken the actions Plaintiffs allege that Defendant should have taken. Given all this, Plaintiffs simply cannot prove any damages in the case now before us.

Defendant demonstrated that Plaintiffs cannot establish an essential element of their claim, damages. There are no genuine disputed issues of material fact, and Defendant was entitled to summary judgment as a matter of law. We find no error in the Trial Court's grant of summary judgment to Defendant.

Next, we consider whether the Trial Court erred in awarding attorney's fees to Defendant for opposing Plaintiffs' Rule 11 motion for sanctions. We review a trial court's decision on a Rule 11 motion for abuse of discretion. *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008). In pertinent part, Tenn. R. Civ. P. 11 provides that "the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Tenn. R. Civ. P. 11.03(1)(a).

The Trial Court found that Plaintiffs' Rule 11 motion for sanctions was not well taken. Plaintiffs have pointed to nothing in the record on appeal that supports their assertion that Defendant filed "motions, pleadings and other papers that are frivolous and inconsistent with the facts and laws in regard to this case." After a careful and thorough review of the record on appeal, we find no abuse of discretion in the Trial Court's decision with regard to this motion. We further find no abuse of discretion in the Trial Court's award to Defendant of reasonable attorney's fees for opposing Plaintiffs' Rule 11 motion for sanctions.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Maston G. Lyons, III, and Linda C. Lyons, and their surety.

_____
D. MICHAEL SWINEY, JUDGE