IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 17, 2008 Session

## KIM BROWN v. WILLIAM SHAPPLEY, M.D.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-07-1162-3     Kenny W. Armstrong, Chancellor**

**No. W2008-00201-COA-R3-CV - Filed October 9, 2008**

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; reversed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Kim Brown, *Pro Se.*

Michael G. McLaren and Robert B. Shappley, Memphis, Tennessee, for the appellee, William Shappley, M.D.

## OPINION

This is the second appearance of the dispute between these parties in this Court. The current appeal arises from the trial court's imposition of Rule 11 sanctions against Plaintiff/Appellant Kim Brown (Mr. Brown). Upon motion by Defendant/Appellee William Shappley, M.D. (Dr. Shappley), the trial court dismissed Mr. Brown's breach of contract action and awarded Dr. Shappley attorney's fees in the amount of $500 pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. We affirm dismissal of Mr. Brown's action under the doctrine of *res judicata*, but reverse the imposition of Rule 11 sanctions and the award of attorney's fees.

This dispute began in March 2005 when Dr. Shappley performed circumcision surgery on Mr. Brown. In March 2006, Mr. Brown commenced an action for medical malpractice against Dr. Shappley in the Circuit Court for Shelby County. The trial court entered summary judgment in favor of Dr. Shappley in May 2006, when Mr. Brown failed to file an expert affidavit in response to Dr. Shappley's motion for summary judgment. Mr. Brown then filed an action in the General Sessions Court for Shelby County, which the court dismissed upon determining the matter had been litigated in the circuit court. In June 2006, Mr. Brown filed a motion in the circuit court moving the court to

set aside summary judgment and to amend his complaint to include a claim for medical battery. The circuit court denied the motion and Mr. Brown filed a timely notice of appeal to this Court. On appeal, we affirmed the award of summary judgment to Dr. Shappley and observed that Mr. Brown's allegations did not constitute a claim for medical battery. We denied Mr. Brown's motion for rehearing; the Tennessee Supreme Court denied Mr. Brown's application for permission to appeal. *Brown v. Shappley*, No. W2006-01632-COA-R3-CV, 2007 WL 596672 (Tenn. Ct. App. Feb. 27, 2007)(*rehearing denied* Mar. 28, 2007) *perm. app. denied* (Tenn. Aug. 20, 2007).

In June 2007, Mr. Brown filed a breach of contract action against Dr. Shappley in the Chancery Court for Shelby County. It is from this breach of contract action that the present appeal arises. In his June 2007 complaint, Mr. Brown asserted Dr. Shappley breached an oral agreement to perform a frenectomy. He sought damages in the amount of $55 million. Dr. Shappley answered on July 24, denying Mr. Brown's allegations and asserting seven affirmative defenses, including the failure to state a claim and the doctrine of *res judicata*. Dr. Shappley also counter-claimed and asserted claims of intentional infliction of emotional distress, outrageous conduct, and malicious prosecution. Dr. Shappley sought compensatory damages in the amount of $1 million and punitive damages.

On the same day, Dr. Shappley also filed a motion for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure. In his motion, Dr. Shappley asserted that Mr. Brown's action was barred by the doctrine of *res judicata* and that its purpose was to harass Dr. Shappley. The certificate of service attached to Dr. Shappley's Rule 11 motion indicates that it was served on Mr. Brown on July 24, 2007. The trial court granted Dr. Shappley's Rule 11 motion in September 2007, dismissed Mr. Brown's complaint, and awarded Dr. Shappley attorney's fees in the amount of $500. Dr. Shappley voluntarily dismissed his counter-claim and the trial court entered final judgment on January 3, 2008. Mr. Brown filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Brown presents two issues for our review, as we slightly reword them:

(1)     Whether the trial court erred by dismissing Mr. Brown's claim based on the doctrine of *res judicata.*

(2)     Whether the trial court erred by imposing Rule 11 sanctions against Mr. Brown.

### *Standard of Review*

A trial court's determination that a claim is barred by the doctrine of *res judicata* presents a question of law that we review *de novo*, with no presumption of correctness. *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005). We review a trial court's ruling on a Rule 11 motion under an abuse of discretion standard. *Hooker v. Sundquist*, 107 S.W.3d 532, 535 (Tenn. Ct. App.

2002). An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable. *Id.* (citing *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000)). Our review of Rule 11 decisions is governed under this deferential standard since the question of whether a Rule 11 violation has occurred requires the trial court to make highly fact-intensive determinations regarding the reasonableness of the attorney's conduct. *Id.* We review the trial court's findings of fact with a presumption of correctness. *Id.*; Tenn. R. App. P. 13(d).

### *Res Judicata*

We first turn to whether the trial court erred by dismissing this lawsuit based on the doctrine of *res judicata*. Under the doctrine of *res judicata,* a final judgment on the merits that is rendered by a court of competent jurisdiction concludes the rights of the parties and their privies, and, with respect to them, bars a subsequent action involving the same claim or cause of action. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). It is a claim preclusion doctrine that prohibits multiple lawsuits between the litigants and their privies with respect to the issues which were or could have been litigated in the prior suit. *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). Accordingly, *res judicata* applies not only to issues actually raised and adjudicated in the prior lawsuit, but to "all claims and issues which were relevant and which could reasonably have been litigated in a prior action." *Am. Nat'l Bank and Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979). It is a "rule of rest" that promotes finality in litigation. *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976)(quoting 2 Freeman on Judgments, § 626, 1320 (5th ed.1925)). In order for the doctrine of *res judicata* to apply, the prior judgment must have been final and concluded the rights of the parties on the merits. *Richardson*, 913 S.W.2d at 459. Additionally, the lawsuits must involve the same parties and the same cause of action or identical issues. *Id.* However, a party's failure to raise an issue or theory does not preserve that issue or theory as a ground for a subsequent lawsuit. *Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007).

> In order that a judgment or decree should be on the merits, it is not necessary that the litigation should be determined "on the merits," in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases.

*Madyun v. Ballard*, 783 S.W.2d 946, 948 (Tenn. App. 1989)(quoting *Parkes v. Clift*, 77 Tenn. 524 (1882)).

We must agree with the trial court that Mr. Brown's breach of contract claim could and should have been litigated in the 2006 action in circuit court. There is no dispute that Mr. Brown's breach of contract claim arises out of the same acts, transaction and occurrences as his medical malpractice claim. Further, there is no dispute that the earlier litigation resulted in a final judgment. We affirm dismissal of Mr. Brown's breach of contract claim based on the doctrine of *res judicata*.

*Rule 11*

We next turn to whether the trial court erred by granting Dr. Shappley's motion for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure. Rule 11.02 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11.03 contains procedural requirements and provides, in relevant part:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.
> (1) **How Initiated.**
> (a) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, *but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.* If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Tennessee Rules of Civil Procedure 11.03(emphasis added).

The emphasized portion of Rule 11.03(1)(a) is the Rule's 21-day "safe harbor" provision. *Mitrano v. Houser*, 240 S.W.3d 854, 862 (Tenn. Ct. App. 2007). This provision serves dual purposes. *Id.* First, it provides an attorney or party acting *pro se* with "notice and fair warning that an adversary is proposing seeking sanctions." *Id.* Second, it deters frivolous, unsupported, or otherwise improper pleadings from being filed with the court. *Id.*

This Court has noted that the procedures established in Rule 11.03 are clear, unambiguous and mandatory. *Id.* Accordingly, we will reverse an order of sanctions where the moving party has not complied with the Rule's safe harbor provisions. *Id.* This Court recently reversed an order of sanctions for failure to comply with Rule 11.03(1)(a) in *TPI Corporation v. Wilson*, where the record indicated that the defendant had filed his motion with the court and sent it to plaintiff's counsel the same day. *TPI Corp. v. Wilson*, No. E2007-02315-COA-R3-CV, 2008 WL 3821077, at *5 (Tenn. Ct. App. Aug. 18, 2008).

Upon review of the record in this case, we observe, as noted above, that Dr. Shappley filed his Rule 11 motion on July 24, 2007, and served it on Mr. Brown the same day. As we also noted above, Dr. Shappley filed his Rule 11 motion the same day he filed his answer and counter-complaint. We find nothing in the record to indicate that Dr. Shappley complied with the Rule's safe harbor provision.

Further, we note that Rule 11.03(3) provides:

When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

In this case, the trial court's order offers no description of the conduct that the court determined to be sanctionable. Dr. Shappley's argument to this Court, as we perceive it, is that Mr. Brown has had numerous "bites at the apple" throughout the litigation process and that his sole purpose is to harass Dr. Shappley.

The Tennessee Supreme Court has noted that the main objective of Rule 11 is to deter attorneys from violating Rule 11.02. Its main purpose is to deter "abuse in the litigation process." *Andrews v. Bible*, 812 S.W.2d 284, 292 (Tenn. 1991). The supreme court has characterized Rule 11 as a "potent weapon that can and should be used to curb litigation abuses." *Id.* At the same time, however, the supreme court has advised the trial courts to impose Rule 11 sanctions only with "utmost care." *Id.*

The courts are to apply a standard of "objective reasonableness under the circumstances" when determining whether conduct is sanctionable under Rule 11. *Hooker v. Sundquist*, 107 S.W.3d at 536 (citing *Andrews*, 812 S.W.2d at 288). "Sanctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a

showing of subjective bad faith is not required." *Id.* (quoting *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App.2001)). However, when deciding whether to impose sanctions under Rule 11, the trial court should consider all the circumstances. *Id.* "[T]he trial judge should consider not only the circumstances of the particular violation, but also the factors bearing on the reasonableness of the conduct, such as experience and past performance of the attorney, as well as the general standards of conduct of the bar of the court." *Andrews*, 812 S.W.2d at 292 n.4.

We cannot agree with Dr. Shappley that the exercise of a litigant's rights to the appellate process constitutes multiple "bites at the apple." Clearly, as onerous as Dr. Shappley may find it, a litigant has the right to avail himself of the appellate process. Further, although Mr. Brown's attempt to litigate his medical malpractice claim in the general sessions court after the circuit court had awarded summary judgment to Dr. Shappley may be perceived as an attempt at an end-run around the system, we observe that his medical malpractice action stated no breach of contract claim. *See Brown v. Shappley*, No. W2006-01632-COA-R3-CV, 2007 WL 596672 (Tenn. Ct. App. Feb. 27, 2007). Although, as noted, Mr. Brown's breach of contract claim is barred by the doctrine of *res judicata*, we cannot agree that the mere filing of the claim constituted sanctionable conduct in violation of Rule 11.02.

### *Holding*

In light of the foregoing, we affirm dismissal of Mr. Brown's action based on the doctrine of *res judicata*. We reverse the trial court's imposition of Rule 11 sanctions against Mr. Brown, however, and the attendant award of attorney's fees to Dr. Shappley. In so doing, we observe that, except for his right to apply for permission to appeal our decision here to the Tennessee Supreme Court, Mr. Brown has exhausted all avenues of ligation against Dr. Shappley with respect to the events of March 2005. Exercising our discretion, costs of this appeal are taxed to the Appellant, Kim Brown.

———————————————————
DAVID R. FARMER, JUDGE