IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 25, 2011 Session

MATTIE M. LINDSEY, ET AL. V. MARK LAMBERT, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-004874-07    Donna Fields, Judge

No. W2010-00213-COA-R3-CV - Filed February 11, 2011

This appeal involves an award of sanctions. We reverse because the moving party did not comply with the safe harbor provision of Rule 11.03 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Mattie M. Lindsey, *Pro Se.*

Edmond L. Lindsey, *Pro Se.*

Robert Campbell Hillyer, Memphis, Tennessee, for the Appellee, Mark Lambert.

C. Michael Becker, Germantown, Tennessee, for the Appellees, Gary Wilkinson and Russell Rutledge.

Christopher L. Vescovo, Memphis, Tennessee, for the Appellee, State Farm Insurance Company.

**OPINION**

This appeal arises from the same lawsuit at issue in *Lindsey v. Lambert (Lindsey I)*, W2009-01586-COA-R3-CV, 2010 WL 1980197 (Tenn. Ct. App. May 18, 2010), *perm. app. denied* (Tenn. May 20, 2010), *perm app. denied* (Tenn. Nov. 18, 2010). It concerns sanctions awarded after the plaintiffs, Mattie and Edmond Lindsey, filed a notice of appeal in that

proceeding. On September 14, 2009, Mark Lambert mailed a letter to Mattie Lindsey asking the plaintiffs to strike motions filed on September 9, 2009. The letter maintained the Lindseys filed their motions in bad faith to harass the defendants and increase the costs of litigation. Mr. Lambert notified the Lindseys he intended to seek sanctions under Rule 11 of the Tennessee Rules of Civil Procedure if the plaintiffs did not strike the motions. The Lindseys did not strike their motions, and Mr. Lambert filed a Rule 11 motion on September 25, 2009. On October 30, 2009, the trial court conducted a hearing on the motion for sanctions. The court granted Mr. Lambert's motion by written order on November 5, 2009. The Lindseys timely appealed.

The Lindseys argue the trial court improperly granted sanctions because Mr. Lambert violated the 21-day safe harbor provision of Rule 11.03. We review a trial court's award of sanctions under the abuse of discretion standard. *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008). A trial court abuses its discretion if it (1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous evaluation of the evidence. *Elliott v. Cobb*, 320 S.W.3d 246, 249-50 (Tenn. 2010) (citation omitted); *see also Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 308 (Tenn. 2008) (citation omitted). A trial court also abuses its discretion if it "strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007)). We review the trial court's legal conclusions *de novo* with no presumption of correctness. *Id.* at 525 (citations omitted). We review the trial court's factual conclusions under the preponderance of the evidence standard. *Id.* (citations omitted).

The question here is whether the trial court abused its discretion by granting sanctions where the record does not demonstrate compliance with Rule 11.03. Rule 11.03 provides:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. *It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.*

Tenn. R. Civ. P. 11.03(1)(a) (emphasis added). "The italicized portion of the above rule is known as the 21-day 'safe harbor' provision." *Mitrano v. Houser*, 240 S.W.3d 854, 862 (Tenn. Ct. App. 2007); *see also Shappley*, 290 S.W.3d at 202. "It serves the important dual role of providing attorneys notice and fair warning that an adversary is proposing seeking

sanctions, and acting as a deterrent to frivolous, unsupported, or otherwise improper pleadings being filed with the court in the first place." *Mitrano*, 240 S.W.3d at 862. Compliance with the safe harbor provision is mandatory. *Id.* A trial court's discretion to determine whether sanctionable conduct exists or how best to sanction that conduct does obviate compliance with the plain language of Rule 11.03. *See Shappley*, 290 S.W.3d at 202. "Attorneys and litigants should be able to place their expectation and reliance upon the fact that Rule 11 means what it says, and that a party will not be sanctioned unless his or her opponent has followed the procedure for requesting sanctions as set forth in the rule." *Mitrano*, 240 S.W.3d at 862 (citations omitted). An award of sanctions absent demonstrated compliance with the safe harbor provision cannot stand. *Shappley*, 290 S.W.3d at 202 (citing *Mitrano*, 240 S.W.3d at 862).

We must reverse the grant of sanctions before us. The record does not demonstrate Mr. Lambert waited 21 days from the service of a motion under Rule 5 of the Tennessee Rules of Civil Procedure to file his motion for sanctions with the court. The same is true even if we assume Mr. Lambert properly served a copy of his motion on the Lindseys with the September 14 letter. Because the record does not show Mr. Lambert complied with the safe harbor provision, we reverse the order of sanctions against the Lindseys.[1]

## Conclusion

For the foregoing reasons, we reverse the November 5, 2009 order granting sanctions against the Lindseys. Costs of this appeal are taxed to the appellee, Mark Lambert, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[1] Mr. Lambert did not file a brief in this appeal, asserting in response to a show cause order that the court's November 5 order granting sanctions was in substance the same as the order this Court vacated in *Lindsey I*. (Response filed Nov. 12, 2009.) We disagree. The trial court's order in this case describes both the conduct warranting the sanction and the basis for the sanction imposed.