IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 14, 2015 Session

# IN RE CAROLINA M.

**Appeal from the Circuit Court for Williamson County**
**No. 2014113 Joseph A. Woodruff, Judge**
_____

**No. M2014-02133-COA-R3-JV – Filed October 28, 2016**
_____

This case began as a petition for dependency and neglect filed in juvenile court by the Tennessee Department of Children's Services ("DCS"). The juvenile court found the child to be dependent and neglected, and Mother and Father appealed to the circuit court. A discovery dispute arose when their attorney requested records from a court appointed special advocate volunteer. In connection with the dispute, the parents' attorney filed a petition for civil contempt and a petition for criminal contempt against the volunteer. The circuit court did not grant either petition, and in response, the  non-profit organization with which the volunteer was affiliated filed motions for sanctions against the attorney under Rule 11 of the Tennessee Rules of Civil Procedure. The circuit court granted the non-profit's motions finding, among other reasons, that both petitions were filed for improper purposes. Mother and Father appeal the circuit court's dismissal of their criminal contempt petition and the court's decision to impose sanctions against their attorney. Because we conclude that the circuit court did not abuse its discretion in dismissing the criminal contempt petition or in imposing sanctions against the attorney, we affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Connie Reguli, Brentwood, Tennessee, for the appellants, Debra M. and Michael N.

Raquel A. Abel, Franklin, Tennessee, for the appellee, Anne Best.

# OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

The present case arises out of a dependent and neglect proceeding initiated by DCS in the Juvenile Court of Williamson County, Tennessee. On January 17, 2014, the juvenile court entered an order finding Carolina M., daughter of Debra M. ("Mother") and Michael N. ("Father"), dependent and neglected. Mother and Father then appealed to the Circuit Court of Williamson County where they were represented by Connie Reguli, a licensed attorney practicing family law in Middle Tennessee.

### A. THE CONTEMPT PETITIONS

A discovery dispute arose when Ms. Reguli, on behalf of Mother and Father, subpoenaed investigative records from Anne Best, a volunteer with Williamson County CASA ("CASA")[1] who had been appointed by the juvenile court to work with the child throughout the dependency and neglect proceedings. On June 24, 2014, the circuit court heard several motions, including a motion filed by CASA to quash the subpoena and limit discovery. In its order, the court outlined the limitations on which records CASA was required to produce. The order states in relevant part:

> The Court finds that CASA . . . is subject to deposition and discovery of their records and communications. . . . [A]ny internal communication that involved only the CASA administrators or other volunteers seeking advice on the case or how to proceed are not discoverable; but all communications with other attorneys, witnesses, or other persons are subject to disclosure to the parents. CASA . . . will redact the names and identifying information of any person who made a disclosure of abuse, however everything else, including the nature of the allegations and the surrounding circumstances is discoverable.
>
> . . . .
>
> If CASA has certain records or information that they believe would be harmful to the child if disclosed to the parents, they may file it with the Court and seek an in camera review. . . .

---

[1] CASA is an acronym for Court Appointed Special Advocate(s). CASA volunteers are "specially trained community volunteers who are available to be appointed by the courts to advocate on behalf of abused and neglected children in judicial proceedings." *In re Audrey S.*, 182 S.W.3d 838, 854 n.9 (Tenn. Ct. App. 2005).

At the hearing on the discovery motions, Ms. Reguli served CASA with a new subpoena ordering Ms. Best to appear for deposition and produce the requested documents just six days later, on June 30, 2014. Ms. Best appeared for the deposition and produced CASA records, including over 100 pages of written notes. In reliance on the discovery order, certain portions of the records that CASA believed to contain privileged information were redacted. Following the deposition, Ms. Reguli contacted CASA and demanded the documents be produced without redactions. In response, CASA's counsel explained to Ms. Reguli that, due to the short notice of the subpoena, CASA did not keep copies of the documents as redacted. CASA asked her to identify the specific redactions she was disputing so that they could be submitted to the court for in camera review if the issue could not be resolved.

On July 9, 2014, rather than responding to CASA's request, Ms. Reguli filed a motion for civil contempt and sanctions against Ms. Best alleging that she did not produce properly redacted documents as required by the court's discovery order.[2] The same day, CASA filed a motion for in camera review of the three documents identified in the petition for civil contempt. On July 22, 2014, the circuit court held a hearing on the civil contempt petition and CASA's motion seeking in camera review. The court found the documents in question were properly redacted and sustained CASA's objection to producing the redacted material. The court took no action with respect to the civil contempt petition.

Then, on August 6, 2014, Ms. Reguli filed a petition for criminal contempt against Ms. Best based on the contents of two e-mails obtained during discovery. The petition claimed that, during the pendency of the juvenile court proceedings, Ms. Best sent the e-mails in question to Carolina's elementary school teacher, both of which included information Ms. Best was allegedly prohibited from disclosing by statute. The first e-mail included a proposed set of interrogatories, which were drafted by CASA. The other included, as an attachment, a motion filed by the child's guardian ad litem seeking a forensic interview of Carolina. According to the e-mail, the guardian ad litem provided Ms. Best with a copy of the motion, which Ms. Best then shared with the teacher. According to Ms. Reguli, Ms. Best's actions violated Tennessee Code Annotated § 37-1-153(d), which provides that "it is an offense for a person to intentionally disclose or disseminate to the public the files and records of the juvenile court," and a violation of that subsection is punishable "as criminal contempt of court as otherwise authorized by law." Tenn. Code Ann. § 37-1-153(d)(1), (2) (2014).

The circuit court held a hearing on the criminal contempt petition, and in its order,

---

[2] Because Ms. Best was acting within the scope of her volunteer status with CASA, that entity provided her with a defense.

entered September 18, 2014, the court found Ms. Best not guilty and dismissed the petition. The court noted in its oral findings that it remained unconvinced that the attachments to the e-mails were records to which the confidentiality statute applies. Even so, the court found that there was insufficient evidence to conclude that Ms. Best knowingly and intentionally committed a violation.

## B. MOTIONS FOR RULE 11 SANCTIONS

In response to the contempt petitions, CASA filed two separate motions for sanctions against Ms. Reguli under Rule 11 of the Tennessee Rules of Civil Procedure.[3] CASA served her with a copy of the first motion after she filed the civil contempt petition regarding the redacted discovery documents. Ms. Reguli did not withdraw the petition despite CASA's motion for in camera review of the documents, and on August 25, 2014, CASA filed its first Rule 11 motion with the court, seeking the imposition of sanctions against Ms. Reguli for filing the civil contempt petition. That same day, in response to her criminal contempt petition, CASA served Ms. Reguli with a copy of the second motion. Ms. Reguli failed to withdraw the petition. CASA then filed the second Rule 11 motion with the court on September 30, 2014.

On October 28, 2014, the circuit court held a hearing on both Rule 11 motions. The court's order, entered December 30, 2014, required Ms. Reguli to complete three hours of continuing education in legal ethics in connection with her petition for civil contempt. It reasoned that the appropriate remedy for the dispute over the redacted documents was to seek an in camera review and that filing the civil contempt petition "was intended for improper purpose and to cause needless expense and delay in the litigation, in violation of Rule 11.02."

The circuit court also ordered that Ms. Reguli pay CASA $3,145.50[4] in attorneys' fees stemming from the representation of Ms. Best in connection with the criminal contempt petition. Noting Ms. Reguli's failure to make a reasonable inquiry before signing, the court found the petition was presented for improper purposes, contained claims not warranted by existing law, and contained factual allegations without evidentiary support. Regarding the decision to grant monetary sanctions, the order states that Ms. Reguli's actions "caused CASA, a not-for-profit, tax exempt organization, to incur significant expense including attorneys' fees to defend against the unmerited and improper Criminal Contempt Petition."[5]

---

[3] CASA properly served Ms. Reguli with a copy of both Rule 11 motions in advance of filing pursuant to the "safe harbor" provision of Rule 11.03 of the Tennessee Rules of Civil Procedure.

[4] The court found that Ms. Best's counsel devoted 23.3 hours in connection with the criminal contempt petition, for which she charged CASA an hourly rate of $135. Additionally, the court found the total fee of $3,145.50 to be reasonable under the circumstances.

[5] The court, however, did not impose monetary sanctions in connection with the civil contempt

Though the record does not contain a transcript of the hearing, the court also presumably considered that Ms. Reguli filed two other contempt petitions in connection with the present case in addition to the petitions filed against Ms. Best.[6] The order states that the sanctions also functioned "to deter her from continuing in her demonstrated habit and practice of using threats of contempt petitions as a routine litigation tool irrespective of the merits."

## II. ANALYSIS

Mother and Father, still represented by Ms. Reguli, filed a timely appeal. They ask this Court to review the trial court's dismissal of their criminal contempt petition and the trial court's order imposing Rule 11 sanctions.

A trial judge's decision regarding the imposition of sanctions is entitled to great weight on appeal. *Stigall v. Lyle*, 119 S.W.3d 701, 706 (Tenn. Ct. App. 2003) (citing *Krug v. Krug*, 838 S.W.2d 197 (Tenn. Ct. App. 1992)). "[A]ppellate courts review a trial court's decision of whether to impose contempt sanctions using the more relaxed abuse of discretion standard of review." *Barber v. Chapman*, No. M2003-00378-COA-R3-CV, 2004 WL 343799, at *2 (Tenn. Ct. App. Feb. 23, 2004) (citing *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn.1993)). Likewise, we review a trial court's ruling on a Rule 11 motion for sanctions under the deferential abuse of discretion standard "since the question of whether a Rule 11 violation has occurred requires the trial court to make highly fact-intensive determinations regarding the reasonableness of the attorney's conduct." *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008) (citing *Hooker v. Sundquist*, 107 S.W.3d 532, 535 (Tenn. Ct. App. 2002)). "An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable." *Id.*

Our review of discretionary decisions is limited. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009). We do not "second-guess the court below" or "substitute [our] discretion for the lower court's." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). In reviewing discretionary decisions, we consider "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Id.* We "review the underlying factual findings using the

---

petition. It reasoned that CASA would have incurred similar attorneys' fees and other costs in litigating the underlying discovery dispute.

[6] Ms. Reguli also filed contempt petitions against a DCS caseworker and one of the child's counselors in order to obtain certain records during discovery.

5

preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and . . . review the lower court's legal determinations de novo without any presumption of correctness." *Id.* at 525.

## A. CRIMINAL CONTEMPT PETITION

We begin by considering the dismissal of the criminal contempt petition. In their petition, Mother and Father argued that a finding of criminal contempt against Ms. Best was appropriate because she shared confidential court records with the child's teacher in violation of Tennessee Code Annotated § 37-1-153, which states in pertinent part:

(a) Except in cases arising under § 37-1-146, all files and records of the court in a proceeding under this part are open to inspection only by:

(1) The judge, officers and professional staff of the court;

(2) The parties to the proceeding and their counsel and representatives;

(3) A public or private agency or institution providing supervision or having custody of the child under order of the court;

(4) A court and its probation and other officials or professional staff and the attorney for the defendant for use in preparing a presentence report in a criminal case in which the defendant is convicted and who prior thereto had been a party to the proceeding in juvenile court; and

(5) With permission of the court, any other person or agency or institution having a legitimate interest in the proceeding or in the work of the court.

….

(d)(1) Except as otherwise permitted in this section, it is an offense for a person to intentionally disclose or disseminate to the public the files and records of the juvenile court, including the child's name and address.

(2) A violation of this subsection (d) shall be punished as criminal contempt of court as otherwise authorized by law.

Tenn. Code Ann. § 37-1-153(a), (d).

Under Tennessee Code Annotated § 29-9-102(3) (2012), courts have the power to "issue attachments, and inflict punishments for contempts of court" for "[t]he willful

disobedience or resistance of any officer of such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." A finding of contempt may be either civil or criminal in nature. *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 473 (Tenn. 2003). Civil contempt is intended to benefit a private party who has suffered a violation of rights, and "the quantum of proof necessary to convict is a preponderance of the evidence." *Id.* at 473-74. But criminal contempt, which is at issue here, "is punishment for an offense against the authority of the court." *Sherrod v. Wix*, 849 S.W.2d 780, 786 n.4 (Tenn. Ct. App. 1992) (citations omitted). "In criminal contempt proceedings, the defendant is presumed to be innocent and must be proven guilty beyond a reasonable doubt." *Doe*, 104 S.W.3d at 474. To find either civil or criminal contempt, "a court must find the misbehavior, disobedience, resistance, or interference to be wilful." *Ahern v. Ahern*, 15 S.W.3d 73, 79 (Tenn. 2000); *see also Furlong v. Furlong*, 370 S.W.3d 329, 336-37 (Tenn. Ct. App. 2011) (finding willfulness to be an element of criminal contempt based upon alleged disobedience of a court order).

Ms. Best sent the first of the two e-mails at issue to Carolina's teacher while the dependency and neglect action was still pending in the juvenile court. It referred to an attached "list of questions that I am hoping [the guardian ad litem] can get the court's permission to ask the [parents]." The purpose of the e-mail was to solicit the teacher's advice on additional topics to address in the proposed set of interrogatories.

While we agree that section 37-1-153 requires certain documents to be kept confidential, we conclude that the statute does not apply to the contents of the first e-mail. Subsections (a) and (d) provide for the confidentiality of "files and records" of the juvenile court. Tenn. Code Ann. § 37-1-153(a), (d). A working draft of potential questions to ask the opposing party through the discovery process is not a file or record of the court. Thus, Ms. Best's first e-mail did not violate the confidentiality statute, precluding a finding of criminal contempt based thereon.

The second e-mail at issue was also sent to the teacher while the case was pending in the juvenile court. It contained a motion filed by the guardian ad litem asking the juvenile court to order a forensic interview of Carolina. The basis of the motion was some concerning behavior that Carolina had exhibited at school. Carolina's teacher clearly provided that information to the guardian ad litem, and the purpose of Ms. Best's e-mail was to keep the teacher updated on the steps CASA had taken in response to the information she provided. Although Carolina's teacher had independent knowledge of the information contained in the motion, Ms. Best's second e-mail did constitute a technical violation of the statute. Unlike the first e-mail, the second contained a motion filed with the juvenile court, subjecting the document to the confidentiality statute. *See State v. Harris*, 30 S.W.3d 345, 351 (Tenn. Crim. App. 1999) (holding that section 37-1-153(a) applies to all files and records of the juvenile court, including tape recordings of plea hearings).

7

Even so, we agree with the trial court's conclusion that Mother and Father failed to carry their burden of proving, beyond a reasonable doubt, that Ms. Best acted willfully in violating the confidentiality statute. On appeal, Mother and Father essentially argue that willfulness should be inferred because Ms. Best sent the subject e-mails "on her own free will." Yet, the willfulness standard for which they advocate is not the applicable standard in the context of *criminal* contempt proceedings.

In a civil contempt proceeding, conduct is willful if it "is the product of free will rather than coercion." *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 357 (Tenn. 2008) (quoting *State ex rel. Flowers v. Tenn. Trucking Ass'n Self Ins. Grp. Trust*, 209 S.W.3d 602, 612 (Tenn. Ct. App. 2006)). However, the standard for establishing willfulness in a criminal contempt case is different than in a civil contempt case. *Id.* Willfulness, in the context of criminal contempt, requires both (1) intentional conduct, and (2) a culpable state of mind. *Duke v. Duke*, No. M2013-00624-COA-R3-CV, 2014 WL 4966902, at *31 (Tenn. Ct. App. Oct. 3, 2014). Regarding these requirements, this Court has explained:

> The statutory definition of intentional conduct is found in Tennessee Code Annotated section 39-11-302(a) (2010): "'Intentional' refers to a person who acts intentionally with respect to the nature of the conduct or to a result of the conduct when it is the person's conscious objective or desire to engage in the conduct or cause the result." Tenn. Code Ann. § 39-11-302(a). To satisfy the culpable state of mind requirement, the act must be "undertaken for a bad purpose." *Konvalinka*, 249 S.W.3d at 357. In other words, willful disobedience in the criminal contempt context is conduct "done voluntarily and intentionally and with the specific intent to do something the law forbids." *Id.* (quoting *State v. Braden*, 867 S.W.2d 750, 761 (Tenn. Crim. App. 1993) (upholding this definition of willful misconduct for criminal contempt)).

*Id.*

The facts of this case fall short of that standard. We cannot conclude from the record before us that Ms. Best's actions were "undertaken for a bad purpose" or "with the specific intent to do something the law forbids." Though Ms. Best's second e-mail contained protected, confidential information, the recipient was the source of that information. Additionally, according to the text of the e-mail, she obtained the motion directly from the child's guardian ad litem, not from the juvenile court records.

The text of the e-mail does not suggest ill intent, and Mother and Father failed to offer any other evidence to combat the presumption of innocence. Thus, the trial court did not

abuse its discretion in finding Ms. Best not guilty of criminal contempt and dismissing the petition.[7]

## B. RULE 11 SANCTIONS

We now turn to whether the trial court erred by granting CASA's motions for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure. "When an attorney signs a motion, document, or other paper submitted to the court, he certifies to the court that he has read it, that he has reasonably inquired into the facts and law it asserts, that he believes it is well-grounded in both fact and law, and that he is acting without improper motive." *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001) (citing *Andrews v. Bible*, 812 S.W.2d 284, 287 (Tenn. 1991)); Tenn. R. Civ. P. 11.01-11.02.[8] The main purpose of Rule 11 "is to deter 'abuse in the litigation process.'" *Brown*, 290 S.W.3d at 202 (quoting *Andrews*, 812 S.W.2d at 292); *see also Project Creation, Inc. v. Neal*, No. M1999-01272-COA-R3-CV, 2001 WL 950175, at *7 (Tenn. Ct. App. Aug. 21, 2001); *Hooker*, 150 S.W.3d at 412 ("Rule 11 sanctions imposed should be limited so as to protect the rights of the litigant, but sufficient to protect the judicial system by curbing repetitive, frivolous, or vexatious litigation."). Accordingly, Rule 11 authorizes courts to sanction attorneys who violate its provisions, and such sanctions "may include payment of the opposing party's legal expenses." *Boyd*, 83 S.W.3d at 765; Tenn. R. Civ. P. 11.03.

---

[7] Mother and Father also seek an award of attorney's fees in connection with their criminal contempt petition. They argue such an award is appropriate under Tennessee Code Annotated § 29-9-105 (2012), which makes damages available where "the contempt consists in the performance of a forbidden act." However, because we affirm the trial court's dismissal of the petition, our review of this issue is pretermitted.

[8] Rule 11.02 states in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

In determining whether to impose sanctions, courts are to apply a standard of "objective reasonableness under the circumstances." *Hooker*, 107 S.W.3d 532, 536 (Tenn. Ct. App. 2002) (citing *Andrews*, 812 S.W.2d at 288). "Sanctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required." *Boyd*, 83 S.W.3d at 765. The trial court should consider all the circumstances when making its determination, including "'not only the circumstances of the particular violation, but also the factors bearing on the reasonableness of the conduct, such as experience and past performance of the attorney, as well as the general standards of conduct of the bar of the court.'" *Brown*, 290 S.W.3d at 202-03 (quoting *Andrews*, 812 S.W.2d at 292 n.4).

CASA filed its first Rule 11 motion in response to Ms. Reguli's civil contempt petition against Ms. Best. We agree with the trial court's conclusion that Ms. Reguli violated Rule 11 by filing the civil contempt petition against Ms. Best when an in camera review was the appropriate method for challenging the redacted portions of the documents produced. The lower court's discovery order permitted CASA to redact certain information before producing its records. Based on that order, Mother and Father should not have been surprised to see redactions in the documents produced. If they had questions regarding the redactions, the proper step would have been to ask the court for an in camera review.

Further, the evidence does not preponderate against the trial court's finding that Ms. Reguli used the civil contempt petition as "a litigation tactic calculated to (i) coerce CASA's compliance with discovery demands that exceeded the limits allowed by the Court; and (ii) coerce CASA into not availing itself of the *in camera* review process." On appeal, Mother and Father argue that the trial court abused its discretion in imposing sanctions because "the conclusion that the motion created a coercive effect on Best was not supported by the facts."

However, the record reflects that Ms. Reguli twice responded to CASA's attempts to cooperate with coercive tactics. When CASA promptly complied with Ms. Reguli's subpoena, she responded with threats of civil contempt despite the language in the discovery order stating that in camera review was the appropriate remedy. And when CASA responded by asking Ms. Reguli to specifically identify the objectionable redactions in order to seek in camera review, Ms. Reguli ignored the response and filed the petition with the court. Thus, we discern no abuse of discretion in sanctioning Ms. Reguli for filing the civil contempt petition.

Neither did the court abuse its discretion in imposing sanctions based upon the criminal contempt petition. As previously discussed, the criminal contempt petition was filed based on the contents of two e-mails sent to Carolina's teacher.

We initially note that it is not clear from the record whether Ms. Reguli had access to the e-mails' attachments when she filed the petition. Though she included copies of the actual e-mails as exhibits to the petition, the allegedly incriminating attachments were not included. According to the record, the motion for forensic review and the proposed interrogatories were first produced at the hearing on the criminal contempt petition. If, as it appears from the record, Ms. Reguli did not have access to these attachments at the time of filing, she violated Rule 11 by failing to investigate the matter further before filing the petition.

However, even assuming that Ms. Reguli did have access to the attachments at the time, filing the criminal contempt petition was still a violation of Rule 11. First, there was no legal basis for a finding of criminal contempt against Ms. Best for her first e-mail. As explained above, Tennessee Code Annotated § 37-1-153(a) and (d) only require confidentiality of juvenile court "files and records." Tenn. Code Ann. § 37-1-153(a), (d). And Ms. Reguli should have known that the proposed set of interrogatories was not a court record.

Additionally, there was no factual basis for a finding of criminal contempt for Ms. Best's second e-mail. Ms. Reguli was unable to point to any evidence suggesting Ms. Best willfully violated the confidentiality statute by sending the child's teacher a copy of the guardian ad litem's motion. We therefore conclude the trial court properly exercised its discretion in imposing Rule 11 sanctions.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court dismissing the petition for criminal contempt. We also affirm the trial court's decision imposing Rule 11 sanctions against Ms. Reguli.

_____
W. NEAL MCBRAYER, JUDGE

11