

FILED
Aug 27, 2025
02:49 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| IMELDA PELLETIER, | ) | Docket No. 2024-20-0478 |
| Employee, | ) | |
| v. | ) | |
| PROVIDENCE CHAMPION CARE, | ) | State File No. 37562-2023 |
| Employer, | ) | |
| and | ) | |
| BRIDGEFIELD CASUALTY INS. | ) | Judge Brian K. Addington |
| CO., | ) | |
| Carrier. | ) | |

## COMPENSATION ORDER

The Court held a compensation hearing on August 19, 2025, on Imelda Pelletier's request for increased benefits. For the reasons below, the Court denies her request.

### Claim History

Ms. Pelletier suffered a compensable injury on May 9, 2023, while working for Providence Companion Care. The parties reached a settlement for her injury, which the Court approved. The settlement agreement noted that her initial period of benefits would end on April 22, 2024, and that she had a year after that date to request increased benefits. She filed a timely Petition for Benefit Determination for increased benefits.

Ms. Pelletier worked as a home caregiver for Providence. Before her injury she did not have any physical restrictions, and she accepted all the work Providence offered her. At the time of her injury, she made $14.50 an hour. Her average weekly wage was $580.00.

After her injury, Dr. Timothy Jenkins released her to return to work without restrictions. However, she testified without objection that privately he told her that she should limit the amount of work she performed. Based on these verbal instructions, Ms. Pelletier refused some of the jobs that Providence offered her, so her average weekly wage fell. However, when her initial compensation period ended on April 22, she was still making $14.50 an hour and worked 40 hours that week.

1

Considering that she was making less overall than before her injury, Ms. Pelletier requested increased benefits. After the filing, Providence's attorney verbally and as early as last December in writing informed her that it did not agree with her opinion about increased benefits and that she had no factual basis for her argument. Ms. Pelletier refused to withdraw her claim despite repeated warnings from Providence. Eventually, the mediator issued a Dispute Certification Notice, and the case came before the Court.

When Ms. Pelletier said she wanted to pursue the claim, the Court issued a Scheduling Order . It gave the parties an opportunity to file all motions including dispositive motions. Providence filed a Tennessee Rule of Civil Procedure 11 Sanctions motion against her.

During the motion hearing on June 17, Providence argued that it was entitled to attorney fees or dismissal of the case as a sanction because her claim had no factual or legal basis. It supplied case law arguing that the hourly rate of pay was the sole issue and since her hourly rate of pay did not change, no legitimate issue existed for the Court to resolve. Further, it asserted that whether she worked less was irrelevant considering case law. Ms. Pelletier argued that she was not making as much as she did before, and she was entitled to increased benefits. The Court reserved the issue of sanctions for trial.

On July 25, Providence filed a Motion to Deem Requests for Admission Admitted. Providence emailed her the Requests for Admission on June 24. Ms. Pelletier received them but did not really understand what they were. She did respond on July 29 stating that she did not receive the email from the employer. However, she testified during the compensation hearing that she received the email, but she meant that the issue about the admissions was not listed on the Dispute Certification Notice.[1]

After the compensation hearing, Providence renewed its request for attorney fees under Rule 11 seeking $15,231.50.

## Findings of Fact and Conclusions of Law

Ms. Pelletier has the burden of proof on every element of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2024). For increased benefits, she must show that she has not returned to work for any employer or has returned to work and is receiving wages or a salary less than 100 percent of the wages she received from her pre-injury employer on the date of the injury. *Id*. § 50-6-207(3)(B).

Ms. Pelletier testified that her rate of pay of $14.50 per hour has not changed after her injury. Although she worked fewer hours some weeks based on her private conversation with Dr. Jenkins, the Court finds that when the initial period of benefits ended, she worked 40 hours at the same rate of pay as she did before. Although her average weekly

---

[1] The admissions are automatically deemed admitted under Tennessee. Rule of Civil Procedure 36.02. *Holt v. Quality Floor Coverings, LLC*, 2022 TN Wrk. Comp. App. Bd. LEXIS 19, at *5-6 (May 6, 2022).

wage was less considering every week she declined work, she was not making less per hour and worked 40 hours the week her initial period ended.

Providence was reasonable in offering her as much work as before considering the information it had, and Ms. Pelletier was reasonable in refusing to work as much based on the information she had. However, making less, over the course of time does not trigger increased benefits, and the Court holds that she is not entitled to them. *Matthews v. Family Dollar Stores of Tenn., LLC*, 2023 TN Wrk. Comp. App. Bd. LEXIS 42, at *26-27 (Aug. 22, 2023).

Turning to Providence's motion for sanctions and/or attorney fees, "The Tennessee Supreme Court has noted that the main objective of Rule 11 is to deter *attorneys* from violating Rule 11.02." *Brown v. Shappley,* 290 S.W.3d 197, 202 (Tenn. Ct. App. 2008) (Emphasis added)(citation omitted). In addition, "Its main purpose is to deter abuse in the litigation process," and Rule 11 is a "potent weapon that can and should be used to curb litigation abuses." *Id.* "At the same time, however, the supreme court has advised the trial courts to impose Rule 11 sanctions only with utmost care." *Id.* Courts are to apply a standard of "objective reasonableness under the circumstances when determining whether conduct is sanctionable under Rule 11." *Id.*

Although rate of pay is central to a claim for increased benefits, it is not the only analysis the Court can consider. In *Wright v. Tennessee v. CVS Pharmacy, LLC,* 2019 TN Wrk. Comp. App. Bd. LEXIS 72, at *12-13 (Oct. 13, 2019), the Appeals Board determined the statute requires "a trial court [to] consider all relevant factors, including the circumstances of an injured worker's ability and/or willingness to return to work in his or her disabled state and the reasonableness of the employer in attempting to return the injured employee to work."

Here, the doctor provided conflicting information to the parties. On paper he advised both parties that Ms. Pelletier could return to work without restrictions. However, he personally told Ms. Pelletier that she should not work as much as she did before. This caused her to limit the jobs she accepted and the amount of money she earned. Based on the above and the reasonableness of Ms. Pelletier's actions in seeking increased benefits when her doctor privately told her to decrease her working hours, the Court denies Providence's motion.

**IT IS THEREFORE, ORDERED as follows**:

1.  Ms. Pelletier's request for increased benefits is denied.

2.  Providence Champion Care shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023).

3. Providence Champion Care shall file form SD-2 with the Clerk within ten business days of this order becoming final.

4. Unless appealed, this order shall become final in 30 days.

**ENTERED August 27, 2025.**


**Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Imelda Pelletier (4/16/24)
2. Affidavit of Imelda Pelletier (3/28/2025)
3. Order Approving Settlement Agreement
4. Pay Stubs (5/1/2022 through 5/13/2023)
5. Pay Stubs (1/21/2024 through 6/8/2024)
6. Correspondence (12/9/2024 through 12/10/2024)
7. Correspondence (2/7/2025)
8. Correspondence (6/11/25 through 6/12/2025)
9. Affidavit of Victoria Travassos and exhibits

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on August 27, 2025.

| Name | First Class Mail | Fax | Email | Service sent to: |
|------|------------------|-----|-------|------------------|
| Imelda Pelletier, Employee | X | | X | mhelinsua51@gmail.com<br>1101 John Exum Parkway<br>Johnson City, TN 37604 |
| Jenna Finbloom, Employer's Attorney | | | X | jcfinbloom@mijs.com<br>erragan@mijs.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*