Walter C. LEAVER, Jr., Executor, Petitioner-Appellee,

v.

Margie Kerr McBRIDE et al., Defendants-Appellees,

The Elders of the West End Church of Christ, Defendants-Appellants.

Supreme Court of Tennessee.

Feb. 19, 1974.

Barksdale, Whalley, Leaver, Gilbert & Frank, Nashville, for petitioner-appellee.

W. Harold Bigham and Joe A. Robbins Nashville, for defendants-appellees, Margie McBride, Janet Leigh McBride and Diane McBride.

H. Stanley Allen, Jr., Nashville, for defendants-appellants, The Elders of the West End Church of Christ.

## OPINION

W. M. LEECH, Special Justice.

■ This cause was appealed from a decree of the Chancery Court for Davidson County to the Court of Appeals. There were no disputed facts and the only question involved was the construction of the will of Lydia Freeman Kerr. It results, therefore, that the appeal should have been directly to this Court pursuant to T.C.A. § 16–408. Thus, we granted certiorari and will consider the assignments of error made by the appellant in the Court of Appeals as if made in this Court.

This appeal involves a construction of the last will and testament of Lydia Freeman Kerr, who died testate on August 28, 1969, a resident of Davidson County, Tennessee. Her last will and testament stated in pertinent part that:

"Item 2. It is further my will and I hereby bequeath to my granddaughter, Margie Kerr McBride the sum of Eight

Thousand ($8,000.00) Dollars, and to Janet Leigh McBride and Diane McBride, the sum of One Thousand ($1,000.00) Dollars each. It is my intention to maintain a joint account in a banking institution in Nashville, Tennessee, in the name of Lydia Freeman Kerr and/or Margie Kerr McBride, and so maintain a balance of Ten Thousand ($10,000.00) Dollars in said account at the time of my death and it is my will that all bequests under this Item 2 of my will shall be made from such account, that all withdrawals from such account shall be considered as a portion of the bequest and no other part of my estate shall be used in any event to pay any bequests under this Item 2 of my will.

"Item 3. It is further my will that in the event my granddaughter, Margie Kerr McBride, shall predecease me, I hereby give, devise and bequeath to Janet Leigh McBride the sum of Five Thousand ($5,000.00) Dollars, and to Diane McBride, the sum of Five Thousand ($5,000.00) Dollars, and said bequests shall be in lieu of any bequests under Item II of this my last will and testament."

With testatrix's will in mind, it is evident that the first sentence of Item 2 above made an absolute gift of $8,000.00 to the granddaughter of the testatrix and $1,000.00 each to her great-granddaughters. Applying the universal rules of construction of wills to the remainder of Item 2 and Item 3, it is clear that it was the intention of the testatrix to give a total of $10,000.00 to those persons who were the natural objects of her bounty. She expressed an intention to establish a fund of this total amount in such a manner that during the lifetime of the testatrix the granddaughter could draw against the fund, and in the event she did, any sums so withdrawn would have been an advancement. The fund was not set aside, and therefore the contingency did not happen. Item 3 of the will makes a general gift of $5,000.00 each to the great-granddaughters in the event the granddaughter predeceased the testatrix, and had this contingency happened, even though the special fund had been created, and the granddaughter had withdrawn the whole of the fund, Item 3 would have replaced Item 2 and the great-granddaughters would have received $5,000.00 each from the general estate. The remainder of Item 2, after the absolute gift, constitutes a recital of an intention to do something that was never done.

Additional facts necessary to resolve this case are as follows. At the time of her death, testatrix was maintaining a savings account at the First American National Bank, Nashville, Tennessee, in the name of "Mrs. S. T. Kerr" in the amount of $10,000.00, this account number being 06–024577. She also had an additional $10,000.00 in the name of "Mrs. S. T. Kerr" in the same bank under account number 06–023325. In addition, testatrix maintained a joint savings account in the Third National Bank in Nashville, Tennessee, in the names of "Mrs. S. T. Kerr and Mrs. Marjorie McBride."

With the aforementioned will and facts in mind, the Chancellor decreed that:

"The Court finds that it was the intent of the testatrix, Lydia Freeman Kerr, to bequeath to her granddaughter, Margie Kerr McBride, in Item Two of said will, the sum of eight thousand ($8,000.00) Dollars, and to each of her great-granddaughters, Janet Leigh McBride and Diane McBride, the sum of one thousand ($1,000.00) dollars each. The Court further finds that it was the intention of the testatrix in her last will and testament that should Margie Kerr McBride withdraw any or all of the funds deposited in a joint bank account which existed as of the date of the execution of the will, such withdrawal should be charged against Margie Kerr McBride and her daughters, defendants, Janet Leigh McBride and Diane McBride, but that if such withdrawals were made by the tes-

tatrix herself, the gift to the testatrix's granddaughter and great-granddaughters was not to be affected.

"The Court further finds that the services of solicitors for the McBride defendants, W. Harold Bigham and Joe A. Robbins, rendered in connection with this litigation, have accrued to the benefit of the estate of Lydia Freeman Kerr, in that their services have helped to bring about the carrying out of what the Court finds and believes was the true intent of the testatrix, and said solicitors are therefore entitled to be allowed fees from the general estate, to be paid by the Executor."

Petitioners contend, however, that Item 2 of the will makes a specific gift and all of the gift but $1,339.45 has been adeemed. In this regard, if one makes only a casual perusal of Item 2, there appears to be some validity in this contention. However, to properly construe Item 2, the will must be read in its entirety and it must be considered in context with the remainder of the will, as well as the surrounding circumstances. *See, e. g.,* 1 Pritchard's Wills and Estates, § 384, p. 351 (3d ed. 1955) and 4 Page on Wills, § 1399, p. 130 (Lifetime Ed.). This rule of construction is clearly set out in First American National Bank v. Cole, 211 Tenn. 213, 364 S.W.2d 875 (1963), wherein we said:

"The cardinal rule in the construction of all wills is that the court shall seek to discover the intention of the testator, and will give effect to it unless it contravenes some rule of law or public policy. That intention is to be ascertained 'from the particular words used, from the context, and from the general scope and purpose of the instrument.' (Citing cases)

"Every word or clause of the will will be given effect, if possible; and no part of it will be rejected where it can be reconciled with other parts of the will

and given reasonable effect. (Citing cases).

"When a controlling or predominate purpose of the testator is expressed, it is the duty of the court to effectuate that purpose, and to construe all subsidiary clauses so as to bring them into subordination to such purpose. The langauge of a single sentence is not to control as against the evident purposes and intent shown by the whole will." (Citing cases).

By applying the foregoing rule of construction to testatrix's will as a whole, and to Item 3 in particular, we can properly ascertain whether the bequest was intended to be general, demonstrative or specific. Determining which of these three traditionally classified legacies reflects the intent of the testatrix is the key issue before us.

■ In order to ascertain testatrix's intent, it would be helpful to examine and define each of the three forms of legacies previously mentioned. First, a general legacy is one which is payable out of the general assets of the estate of the testatrix, being a bequest of money or other thing in quantity, and not separated or distinguished from others of the same kind. *See* 6 Page on Wills, § 48.2 p. 7. Second, a demonstrative legacy is one which is payable out of the estate generally, but which is charged on certain specific property. It is often a money gift, made a charge on a specific fund and directed to be paid out of that fund, but even if the fund fails, payable from the residuary of the estate. In this regard, it partakes both of the nature of a general and a specific legacy. *See* 6 Page on Wills, § 48.7 p. 26. A specific bequest involving the payment of money has been defined as:

"[One] which . . . is not payable out of the estate generally, but if it is a fund or a particular thing which is described with sufficient accuracy, and if

the legacy can be satisfied only by the payment of such fund." 6 Page on Wills, § 48.5 p. 17–18.

See to the same effect Pritchard's Wills and Estates (3d ed. 1955).

■ Keeping these definitions and the aforementioned rules of construction in mind, it is clear that the testatrix did not intend to make a general bequest. We reach this conclusion because if the bequest was general, the $1,339.45 in the Third National Bank would pass to Marjorie Kerr McBride as a matter of law, thereby entitling her to an additional $1,339.45 from the residuary of the estate. Marjorie Kerr McBride, under such a construction, would receive a total of $9,339.45 instead of the $8,000.00 bequeathed to her by the testatrix. This result is clearly contrary to testatrix's intent. Having made this determination, we must now decide whether the testatrix intended to make a specific bequest, which in the instant case would mean her only heirs would receive only $1,339.45, or whether she intended to make a demonstrative bequest thereby granting $1,000.00 to each of her two great-grandchildren and $8,000.00 to her only granddaughter. Having carefully examined the will as a whole, and Item 3 in particular, it is apparent that a demonstrative bequest was intended and not a specific bequest.

■ This result necessarily follows because in this will the testatrix bequeathed a particular sum of money in such a manner as to show a "separate and independent intention" that the money be paid and the mere fact that a direction in the will indicating that the money was to be raised in a particular way, or out of a particular fund does not control. *See,* Kenaday v. Sinnott, 179 U.S. 606, 21 S.Ct. 233, 45 L.Ed. 339 (1900). Moreover, courts prefer to construe legacies as being demonstrative as opposed to specific, and they will not construe them to be specific unless such is the clear intent of the testator. *See generally,*

64 A.L.R.2d 788. In the instant case, such clear intent is not evidenced. In fact, testatrix's intent appears to be to grant a total of $10,000.00 to her granddaughter and two great-granddaughters.

■ Since Item 2 provides for a demonstrative bequest to the respondents and since there was only $1,339.45 in the bank account specified in Item 2, the question remains whether the remainder of the $10,000.00 bequest has been adeemed. This issue can easily be resolved with a negative response. Again, the law is clear that a demonstrative bequest whose funds fail or is insufficient, as in the instant case, will not deprive the beneficiary of his legacy, rather the beneficiary will be permitted to receive his legacy out of the general assets of the estate. *See, e. g.,* Kenaday v. Sinnott, *supra,* and 4 Page on Wills, § 1399, p. 132 (Lifetime Ed.). This being true, the Chancellor's finding was proper.

■ The second issue raised by petitioners is whether it was error for the trial court to award attorney fees to respondents' counsel, with such being paid out of testatrix's estate. Petitioners contend that the fees cannot properly be paid out of the estate. However, in view of the finding as to petitioners' first contention, this is clearly erroneous.

In Pierce v. Tharp, 224 Tenn. 328, 455 S.W.2d 145 (1970), this Court stated that:

"The test by which the question involved . . . is to be determined is whether the services rendered by the attorneys . . . inured to the benefit of the entire estate as distinguished from services rendered to individuals claiming an interest in the estate."

In view of this test, it is clear that the services rendered did benefit the estate as a whole. This conclusion necessarily follows because the will had to be construed, and as a result of the efforts of respondents' counsel, the testatrix's true intent was established.

We therefore affirm the Chancellor's decree in every respect and remand this cause to the Probate Court of Davidson County, Tennessee for the further administration of the estate of Lydia Freeman Kerr and for the final settlement of the same.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.