FIRST AMERICAN NATIONAL BANK, etc., et al., Petitioners,

v.

Estelle Virginia Strasser CHARLTON, Respondent.

Supreme Court of Tennessee.

Nov. 7, 1977.

Hofstetter & Hofstetter, Nashville, for petitioners.

Jay C. Evans, Nashville, for respondent.

## OPINION

COOPER, Chief Justice.

We granted certiorari in this case to review an award of attorney's fees to counsel for an unsuccessful claimant in a suit brought to construe a will. The will in question is that of the late Will Andrew Strasser. The testator left his residuary estate "to [his] nieces and nephews, the children of [his] brothers and sisters, per stirpes." The respondent, Estelle Charlton, is the adopted daughter of Will Strasser's deceased brother, Leopold Strasser. Will Strasser died on August 17, 1969, and the petitioner, the First American National Bank, was named executor under the will. Counsel for the bank wrote to the respondent, and to two other adopted children of Leopold Strasser, informing them that, in his opinion, they had no claim against the estate under the will, and asked them to execute waivers. The other two adopted children declined to contest that opinion. On January 4, 1974, the respondent filed suit in chancery court, seeking construction of the will, and contending that she was a beneficiary under the residuary clause. The chancery court found against the respondent, holding that "children" when used in a will is presumed to exclude adopt-

ed collaterals absent an indication of a contrary intent on the part of the testator, and that no such intent had been shown in the instant case. On appeal, the Court of Appeals affirmed, but remanded the case so that the chancellor might determine whether it would be appropriate to award attorney's fees, payable by the estate, to counsel for the respondent. The chancellor awarded attorney's fees of $5,000.00, and the Court of Appeals affirmed.

■ As a general rule, when a suit for the construction of a will brought by a prospective beneficiary inures to the benefit of the estate, the attorney for the complainant is entitled to a reasonable fee payable by the estate. *Leaver v. McBride,* 506 S.W.2d 141 (Tenn.1974). When however, the suit is brought for the benefit of the beneficiary, and has as its objective the defeat of the testator's intent, the complainant's attorney has no right to compensation from the estate. *In re Eppinger's Estate,* 207 Tenn. 53, 336 S.W.2d 28 (1960).

■ In the instant case, there is no material evidence in the record to support a finding that the suit filed on behalf of the respondent was brought for, or inured to, the benefit of the estate. The suit did not aid in the determination of the testator's true intent. *See, e. g., Leaver v. McBride, supra.* To the contrary, in view of the conclusion reached by the courts below as to the proper construction of the will, it must be said that the executor had already construed the will in accordance with the intent of the testator prior to the institution of this suit, and that the position taken by the respondent was antagonistic to that intent. *See Pierce v. Tharp,* 224 Tenn. 328, 455 S.W.2d 145 (1970). Nor can it be said that the suit was necessary or beneficial to the estate in that it removed a cloud upon the title of the estate's real property. Any cloud upon that title was created by the respondent's groundless claim. Contrary to the contention of the respondent, it was not incumbent upon the executor to bring an action to eliminate a claim against the estate which he believed, and which the courts have found, to be baseless. *Cf. Mar-*

*ler v. Claunch,* 221 Tenn. 693, 430 S.W.2d 452 (1968).

Accordingly, the decision of the Court of Appeals awarding attorney's fees to counsel for the respondent is reversed, and the case dismissed. Costs will be taxed to the respondent.

FONES, HENRY, BROCK and HARBISON, JJ., concur.