IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 29, 2022 Session

## IDA STEINBERG v. RENEA STEINBERG ET AL.

Appeal from the Probate Court for Shelby County
No. PR-6842 Karen D. Webster, Judge

_____

### No. W2020-01149-COA-R3-CV

_____

Appellant personal representative appeals two forms of attorney's fees awarded against her: (1) attorney's fees incurred by the appellees in opposing the appellant's motion for sanctions; and (2) attorney's fees incurred by appellees in enforcing a confidential settlement agreement. We affirm the attorney's fees awarded relative to the motion for sanctions and vacate the award of attorney's fees relative to enforcement of the settlement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which KENNY ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Edward T. Autry and R. Scott Vincent, Memphis, Tennessee, for the appellants, Ida Steinberg.

Jana D. Lamanna, Holly J. Renken, Memphis, Tennessee, for the appellees, Renea Steinberg and Judy Franklin.

Aubrey L. Brown, Jr., Memphis, Tennessee, for the appellee, Kimberly Steinberg.


## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

This case involves long-standing disputes surrounding the beneficiaries of a will admitted to probate in the Shelby County Probate Court ("the trial court"). Because this appeal involves only a narrow issue, we confine our discussion of the case's procedural

history only as necessary to adjudicate this appeal. In October 2018, the personal representative of the estate, Plaintiff/Appellant Ida Steinberg ("Appellant"), and the other beneficiaries of the estate, Defendants/Appellees Renea Steinberg, Judy Franklin, and Kimberly Steinberg (collectively "Appellees"), reached a confidential settlement. In furtherance of that settlement, they entered into a written agreement resolving all claims between all parties to the estate. On December 4, 2018, the parties filed a Notice of Settlement with the trial court.[1] Disputes soon arose; in particular, in April 2019, Kimberly Steinberg filed a *Motion to Enjoin Executor from 2019 Unilaterally Dividing Personal Property and for Order Scheduling Personal Property Division Pursuant to Settlement Agreement to a Mutually Convenient Date and Time* ("the motion to enjoin"). According to Appellees, Appellant, in her capacity as personal representative, was insisting on dividing the property on dates that Appellees could not be present. Although the motion was brought only by Kimberly Steinberg, it was signed by counsel for all Appellees.[2]

On April 17, 2019, Appellant filed a response in opposition. Included with her response, Appellant also filed a counter motion for sanctions under Rule 11 of the Tennessee Rules of Civil Procedure. Therein, Appellant asked that counsel for all Appellees be sanctioned for filing the motion to enjoin. On May 14, 2019, Appellees filed a second motion to enjoin that made it clear that the motion was being pursued by all Appellees.

Later, on April 26, 2019, Appellees filed a motion to dismiss Appellant's request for sanctions, citing, inter alia, Appellant's failure to comply with Rule 11.03's safe-harbor requirements. In their response, Appellees requested attorney's fees pursuant to Tennessee Code Annotated section 20-12-119.

On May 17, 2019, the trial court entered an order providing that the private property selection would not take place on the day set by Appellant, but on a later date set by the trial court. The trial court later entered an order confirming that this order resolved Appellee's motion to enjoin and indicating that the issue of attorney's fees incurred in prosecuting the motion to enjoin were reserved. Finally, the trial court designated this order as final under Rule 54.02 as to the issue of sealing certain documents containing confidential information.

In the meantime, on June 6, 2019, Appellees filed a motion to enforce the settlement agreement with regard to the assignment of royalties.[3] Appellant responded that the parties should be compelled to return to mediation, as provided for in the confidential settlement agreement. On August 29, 2019, the trial court granted Appellant's motion to compel

[1] This document is properly contained in the record, but inexplicably omitted from the technical record's table of contents.

[2] Counsel for Renea Steinberg and Judy Franklin signed by permission.

[3] In the course of the trial court proceedings, the trial court entered an order placing all pleadings discussing the confidential settlement agreement under seal.

mediation. On November 5, 2019, the trial court entered an order finding that the confidential settlement agreement was binding and should be enforced pursuant to the trial court's attached oral ruling. The trial court reserved the issue of attorney's fees, but stated that its order was final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

On November 8, 2019, the trial court granted Appellees' motion to dismiss Appellant's motion for sanctions, finding that the motion did not comply with Rule 11.03's safe harbor provision. The order further noted that Appellee's "request for attorney's fees and costs contained within the Motion to Dismiss pursuant to T.C.A. § 20-12-119 should be reserved for a future hearing."

In November 2019, counsel for Renea Steinberg and Judy Franklin filed an affidavit seeking attorney's fees under Rule 11 for successfully defending against Appellant's Rule 11 motion. According to the affidavit Renea Steinberg and Judy Franklin incurred $3,113.70 in outstanding fees in connection with that motion. In December 2019, the same attorney filed an affidavit stating that her clients had incurred $3,437.84 in enforcing the confidential settlement agreement. In February 2020, counsel for Kimberly Steinberg filed two affidavits: (1) an affidavit seeking $3,000.00 in fees for successfully defending against Appellant's Rule 11 motion; and (2) an affidavit seeking $1,425.00 in fees for enforcing the confidential settlement agreement.

On July 6, 2020, Appellant filed a response to Appellees' fee requests, characterizing their requests as motions for sanctions. Therein, Appellant argued that the only request for attorney's fees in Appellees' motion to dismiss the motion for sanctions was under Tennessee Code Annotated section 29-12-119, which was inapplicable. As such, Appellant asked that all requests for attorney's fees be denied.

On July 27, 2020, the trial court granted attorney's fees to Kimberly Steinberg. As the basis for the award, the trial court cited Kimberly Steinberg's successful defense of the Rule 11 motion and section 20-12-119, as well as the terms of the settlement agreement and *Leaver v. McBride*, 506 S.W.2d 141 (Tenn. 1974). The trial court therefore awarded Kimberly Steinberg $3,000.00 "for successfully defending against the counter motion for Rule 11 sections filed by [Appellant]" to be paid by Appellant. And the trial court awarded Kimberly Steinberg $1,425.00 "for prevailing on her motion to enforce the mediated settlement agreement" to be paid from the assets of the estate. The trial court designated this ruling as final pursuant to Rule 54.02.

On July 28, 2020, the trial court also granted the motion for attorney's fees filed by Renea Steinberg and Judy Franklin on the same legal grounds. As such, the trial court awarded them $3,113.70 "for successfully defending against the counter motion for Rule 11 sanctions filed by [Appellant]" to be paid by Appellant. And the trial court further ordered that the $3,437.84 that Renea Steinberg and Judy Franklin incurred in enforcing the mediated settlement agreement would be paid from the assets of the estate. The trial

court then noted that "[t]his Order shall be and is hereby entered as a final judgment in accordance with [] Rule [] 54.02."[4] From these two orders awarding attorney's fees, Appellant now appeals.[5]

## II. ISSUES PRESENTED

Appellant raises two issues for our review, which are taken from her brief:

1. Whether the Trial Court committed reversible error by awarding attorney's fees in its July 27 Order Granting Attorney's Fees to Kimberly Steinberg.
2. Whether the Trial Court committed reversible error by awarding attorney's fees in its July 28 Order Granting Attorney's Fees to Renea Steinberg and Judy Franklin.

In addition to arguing that the trial court was correct to award them attorney's fees, Appellees also seek an award of attorney's fees incurred on appeal.

## III. ANALYSIS

Tennessee follows the American Rule regarding attorney's fees. ***Cracker Barrel Old Country Store, Inc. v. Epperson***, 284 S.W.3d 303, 308 (Tenn. 2009). The Rule "reflects the idea that public policy is best served by litigants bearing their own legal fees regardless of the outcome of the case." ***House v. Est. of Edmondson***, 245 S.W.3d 372, 377 (Tenn. 2008). Under the American Rule, a party may recover attorney's fees "only if: (1)

---

[4] Technically, the trial court's second order was not properly designated as final, as it did not expressly state that there was no just reason for delay. *See, e.g.*, ***Medders v. Newby***, No. M2019-00793-COA-R3-CV, 2020 WL 1972327, at *3 (Tenn. Ct. App. Apr. 24, 2020) (citing Tenn. R. App. P. 3(a)) ("As discussed above, neither the February 6, 2019 nor the April 9, 2019 order contains the required Rule 54.02 language. Specifically, neither order expressly states that there is no just reason for delay of entry of a final order. In the absence of this language, neither order is final so as to confer subject matter jurisdiction over the appeal to this Court."). The same is true of more than one of the trial court's multiple orders ostensibly designating otherwise non-final orders as final. *Cf.* ***Harris v. Chern***, 33 S.W.3d 741, 745, n.3 (Tenn.2000) ("Piecemeal appellate review is not favored.").

Still, this Court may suspend Rule 3(a)'s finality requirements when good cause exists to do so. *See* ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990) (allowing appellate courts to suspend the finality requirements of Rule 3(a)). In this case, the only issues involve orders granting attorney's fees that are not dependent on any of the other issues decided. Moreover, the trial court did properly designate one of its attorney's fees orders as final. Finally, we take judicial notice that this case is subject to another appeal involving the award of attorney's fees. *See* ***In re Estate of Lewie Polk Steinberg***, W2020-01151-COA-R3-CV. It therefore seems prudent to proceed with review of the discrete issues involved in this appeal without further delay. We will therefore proceed with our review of the two orders appealed.

[5] Although the two orders at issue were entered on separate days and ostensibly designated as final and separately appealable, Appellant's notice of appeal was timely as to both orders. Moreover, Appellees have not objected to Appellant's decision to contest both orders in a single appeal.

- 4 -

a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." ***Cracker Barrel***, 284 S.W.3d at 308.

On appeal, Appellant characterizes the trial court's award of fees as grounded in three alternative foundations: (1) Tennessee Code Annotated section 29-12-119; (2) Rule 11.03 of the Tennessee Rules of Civil Procedure; and (3) the recognized exception allowing fees against an estate that inure to the estate's benefit. According to Appellant, neither of these three legal foundations supports the award of fees in this case. Moreover, Appellant points out that the only basis for fees cited in Appellee's motion to dismiss her counter motion for sanctions was section 29-12-119. Appellant therefore insinuates that the trial court was wrong to rely on a ground for relief that was not cited. And because Appellees have now disavowed any argument that attorney's fees were proper under section 29-26-119,[6] Appellant argues that no proper basis for an award of attorney's fees remains in this case.

As an initial matter, we agree with Appellant that section 29-12-119 was the only legal basis for attorney's fees cited in Appellees' motion to dismiss the counter motion for sanctions. We note, however, that the affidavits filed by Appellees in support of their requests for attorney's fees specifically referenced either Rule 11 or the effort to enforce the confidential settlement agreement as the basis for the requests, rather than section 29-12-119. Moreover, in ***Lewis v. Lewis***, No. E2014-00105-COA-R3-CV, 2015 WL 1894267 (Tenn. Ct. App. Apr. 27, 2015), this Court affirmed an award of attorney's fees on a different ground than that relied upon by the trial court or the party on appeal. ***Id.*** at *14 (affirming the award of attorney's fees against a party even though "the estate has not argued that it was justified on a finding of abuse of fiduciary duty. Nor did the trial court base its ruling on this ground, although we have held it to be the correct one."). In this case, Appellees did cite Rule 11 and the motion to enforce the settlement agreement as the basis for their fee request. If this Court can affirm an award of fees on a basis not cited by the trial court or a party, certainly the trial court was not in error in relying on the legal grounds that it eventually chose as support for the award of fees in this case, given that they were at least tangentially cited by Appellees in the trial court proceedings.

We turn then to the fees that the trial court awarded for defending against Appellant's unsuccessful counter motion for sanctions. Rule 11.03 of the Tennessee Rules of Civil Procedure provides as follows:

**(1) How Initiated.**

---

[6] Appellees' brief does not address this statute. And at oral argument, Appellees stated that section 29-12-119 was not applicable to this case. So we will not address this statute further.

(a) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(b) *On Court's Initiative.* On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 11.02 with respect thereto.

**(2) Nature of Sanctions; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation. (a) Monetary sanctions may not be awarded against a represented party for a violation of subdivision 11.02(2).

(b) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

**(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

A trial court's "Rule 11 decisions" are governed by the abuse of discretion standard. ***Brown v. Shappley***, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008). "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision

on a clearly erroneous assessment of the evidence." ***Fisher v. Hargett***, 604 S.W.3d 381, 395 (Tenn. 2020).

Appellant contends that the trial court abused its discretion in relying on Rule 11.03(1)(a) because "[t]hat portion of the rule refers to an award of sanctions upon motion under that rule." Because Appellees filed no motion for sanctions against Appellant, Appellant contends that award of attorney's fees must have been awarded under 11.03(1)(b), *i.e.,* on the court's own initiative; Appellant argues, however, that the procedural mandates of that subsection were not complied with. As such, Appellant argues that the awards of fees related to the counter motion for sanctions should be reversed.

Appellant's argument requires that we construe and apply Rule 11.03. "Although the rules of civil procedure are not statutes, the same rules of statutory construction apply in the interpretation of rules." ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009). In construing a statute or rule, our primary purpose is to give effect to the purpose of the legislature. ***Lipscomb v. Doe***, 32 S.W.3d 840, 844 (Tenn. 2000). The interpretation of rules and statutes involve questions of law which appellate courts review de novo without a presumption of correctness. ***Lind v. Beaman Dodge, Inc.***, 356 S.W.3d 889, 895 (Tenn. 2011). In reaching our interpretation of a statute or rule, we look first to the plain language of the enactments, giving the words their ordinary and plain meaning. *See generally **Mills v. Fulmarque***, 360 S.W.3d 362, 368 (Tenn. 2012).

Considering the plain language of Rule 11.03, we must respectfully conclude that Appellant misapprehends both the request for attorney's fees by Appellees and Rule 11.03's requirements. Here, it is true that Appellees never filed their own motions for sanctions against Appellant. But nothing in Rule 11.03 requires that they do so in this situation. Instead, Rule 11.03(1)(a) specifically states that "the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting *or opposing* the motion." (Emphasis added). Thus, this provision clearly states that a party may, when warranted, be entitled to attorney's fees for successfully defending against a motion for sanctions without any indication that the party opposing the motion must also file its own motion for sanctions against the original movant.

The case of ***Lyons v. Atchley***, No. E2013-02342-COA-R3-CV, 2015 WL 241439 (Tenn. Ct. App. Jan. 20, 2015), supports this interpretation. In ***Lyons***, the trial court awarded the defendant attorney's fees "for opposing" the plaintiff's motion for sanctions. The court first noted that the trial court's decision in this regard was reviewed for an abuse of discretion. ***Id.*** at *5 (citing ***Brown***, 290 S.W.3d at 200). Then the court cited Rule 11.03(1)(a)'s language that "the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Finally, the court noted that the trial court found that the plaintiff's motion for sanctions was not "well taken" and that the plaintiff's argument that defendant's filings were frivolous was without support in the record. ***Id.*** The court therefore found no abuse of

discretion in the trial court's decision to award the defendant's attorney's fees in opposing the plaintiff's motion for sanctions. *Id.* Importantly, nothing in the *Lyons* Opinion suggests that the defendant was required to file his own motion for sanctions to be entitled to such fees. Instead, the defendant appears to have been entitled to the fees simply for opposing the plaintiff's unsuccessful motion.

In this case, there is no dispute that Appellant's counter motion for sanctions was also unsuccessful. Indeed, the trial court agreed with Appellees that the motion did not comply with the mandatory safe harbor provision. So under Rule 11.03(1)(a), the trial court had discretion to award Appellees their attorney's fees for successfully defending against this motion, if warranted under the circumstances. In her initial brief to this Court, Appellant has made no argument that the particular circumstances of this case do not warrant fees, that the fees were unnecessary or unreasonable, or fail in some other respect.[7] As such, we cannot conclude that the trial court erred in awarding Appellees their fees incurred in defending against Appellant's counter motion for sanctions.

We next turn to the question of the fees awarded to Appellees related to the enforcement of the confidential settlement agreement. Here, the portion of the trial court's orders awarding fees related to enforcement do not tie the awards to any specific legal basis. Appellees assert, however, that the fees awarded against the estate for enforcing the confidential settlement agreement were authorized by caselaw, specifically *Pierce v. Tharp*, 224 Tenn. 328, 336, 455 S.W.2d 145, 148 (Tenn. 1970), *Leaver v. McBride*, 506 S.W.2d 141 (Tenn. 1974), and their progeny. Specifically, the Tennessee Supreme Court has explained that "[t]he test by which the question involved . . . is to be determined is whether the services rendered by the attorneys . . . inured to the benefit of the entire estate as distinguished from services rendered to individuals claiming an interest in the estate." *Leaver*, 506 S.W.2d at 145 (quoting *Pierce*, 455 S.W.2d at 148). Applying this test, the *Leaver* court held that the services rendered benefitted the estate as a whole because the testator's true intent was uncovered by the efforts of the respondent's counsel. *Id.* In contrast, the *Pierce* court held that the services rendered were "calculated to bring about a breach of the trust, not preserve it." *Pierce*, 455 S.W.2d at 148.

Respectfully, neither party's brief nor the trial court orders fully answer the question of how the work of Appellees in enforcing the mediated settlement agreement inured to the benefit of the estate. In seeking the award overturned, Appellant merely points out that *Leaver* did not involve an effort to enforce a mediated settlement agreement and rather makes the conclusory statement that a "request for attorney's fees by three parties in the

---

[7] Appellant does not, for example, specifically cite in her initial brief Rule 11.02(3)'s requirement that "when imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Even if this provision was applicable to this award of fees, rather than an imposition of sanctions, the record on appeal makes it sufficiently clear that the fees are being awarded to Appellees for defending against Appellant's procedurally improper request for sanctions.

course of [a] highly contentious will contest is not of the type contemplated by ***Leaver*** or ***Pierce*** in that the request for attorney's fees by Appellees insure [sic] to the sole benefit of Appellees[.]" Appellees' brief also provides little additional illumination on this issue, stating only that the motion to enforce "was necessary to resolve the dispute between Appellant and the other sisters regarding the disposition of the royalties in [the] estate" and that "once the dispute was definitively resolved, Appellant was able to continue with the administration of the estate without further controversy or dispute."[8] And the trial court's order does not address this question at all.

Generally, the decision to award attorney's fees in a will contest case is within the discretion of the trial court. ***Chaille v. Warren***, 635 S.W.2d 700, 703 (Tenn. Ct. App. 1982). The trial court likewise has discretion "to find that . . . [an attorney's] services inured to the benefit of the estate, and that such fees should be paid as part of the costs of administration of the estate." ***Tigrett v. Tigrett***, 61 Tenn. App. 172, 203, 453 S.W.2d 100, 114 (Tenn. 1967). The party seeking to overturn the fees therefore bears the burden of demonstrating an abuse of the trial court's discretion. ***Chaille***, 635 S.W.2d at 703.

In order to enable appellate review of a decision to award attorney's fees, however, the trial court has a duty to "clearly and thoroughly explain the particular circumstances [] supporting their determination of a reasonable fee in a given case." ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 185–86 (Tenn. 2011).[9] And when this Court is faced with a discretionary decision, we are unable to determine whether the trial court correctly exercised its discretion without some indication of what legal standard the trial court applied or what evidence it relied upon. *See, e.g.*, ***In re Noah J.***, No. W2014-01778-COA-R3-JV, 2015 WL 1332665, at *5 (Tenn. Ct. App. Mar. 23, 2015) ("Unfortunately, we cannot determine whether the trial court applied an incorrect legal standard or relied on [improper] reasoning . . . because we do not know what legal standard the court applied, or what reasoning it employed."). In ***Noah J.***, because the trial court's order did not "explain its decision," we vacated not only the parenting plan imposed by the trial court, but also the award of attorney's fees. ***Id.*** at *6.

The same is unfortunately true here. Although the trial court states that the fees relate to the enforcement of the confidential settlement agreement, the trial court makes no finding that this effort inured to the benefit of the estate. Indeed, by even considering this question, we assume that the trial court's reference to ***Leaver*** earlier in its order must be in reference to these fees. But this is little more than speculation, as the trial court does not reference ***Leaver*** or its rule when awarding these fees. Moreover, in this same paragraph, the trial court also references a statute, discussed *supra*, that the parties now agree has

---

[8] This is not entirely accurate, as the record reflects that other disputes arose, including an effort by Appellees to remove Appellant from her position.

[9] ***Wright*** also directed courts to explain their consideration of the factors under Tennessee Supreme Court Rule 8, RPC 1.5, which deal with the reasonableness of a requested fee. ***Id.*** at 185–86. Appellant has not argued in this appeal that the fee requested by Appellees was unreasonable.

absolutely no application to the case-at-bar. So if we were to uphold the this award on the basis that it inured to the benefit of the estate, our decision would rest largely on inferences that this is indeed what the trial court intended. But as previously discussed, the law does not favor this kind of guesswork when it comes to decisions involving attorney's fees. *Cf. Wright*, 337 S.W.3d at 185–86. And when the trial court's order fails to provide the necessary context for the award, the appropriate remedy is to vacate and remand to the trial court for a more detailed explanation. *See, e.g.*, ***Smith v. All Nations Church of God***, No. W2019-02184-COA-R3-CV, 2020 WL 6940703, at *5 (Tenn. Ct. App. Nov. 25, 2020) (involving the reasonableness of the fee); ***Ferguson Harbour Inc. v. Flash Mkt., Inc.***, 124 S.W.3d 541, 552–53 (Tenn. Ct. App. 2003) (same); ***Southwind Residential Properties Ass'n v. Ford***, No. W2016-01169-COA-R3-CV, 2017 WL 991108, at *13 (Tenn. Ct. App. Mar. 14, 2017) (same). We conclude that the trial court's orders granting attorney's fees incurred in enforcing the confidential settlement agreement must likewise be vacated and remanded for a clearer explanation of the basis of the award.[10]

Finally, Appellees seek an award of attorney's fees incurred on appeal. Appellees' argument on this issue is somewhat puzzling. Although they are asking Appellant to pay their attorney's fees, they cite law to suggest that while one party may choose to incur substantial fees, that party cannot also "expect the other side to pay for it." ***Coleman v. Coleman***, No. W2011-00585-COA-R3-CV, 2015 WL 479830 (Tenn. Ct. App. 2015). Moreover, Appellees cite no caselaw or statute that would entitle them to fees, other than to once against allude to their argument that nothing about Appellant's "litigation strategy (including this appeal) over the last five years has inured to the benefit her father's estate or the beneficiaries[.]" Thus, it is entirely unclear whether Appellees are asserting that they are entitled to attorney's fees for defending against a frivolous appeal or whether they believe their own appellate work has inured to the benefit of the estate. In either respect, Appellees' argument is deficient. Under the totality of the circumstances, we exercise our discretion to deny Appellees' request for fees incurred in this appeal.

## IV. CONCLUSION

---

[10] We also take judicial notice that the trial judge will no longer preside over the case following September 1, 2022. *Cf.* ***Kathryne B.F. v. Michael David B.***, No. W2014-01863-COA-R3-CV, 2015 WL 4366311, at *17 n.17 (Tenn. Ct. App. July 16, 2015) ("We take judicial notice of the fact that the original trial judge has retired."); ***State v. Tawater***, No. M2013-02126-CCA-R3-CD, 2014 WL 4809537, at *8 (Tenn. Crim. App. Sept. 29, 2014) ("We take judicial notice that the trial judge who presided over this case has retired."). It appears from the record in this case, however, that the proceedings in the trial court are ongoing. Indeed, the notice of appeal in the other pending appeal in this matter concerns a single order involving attorney's fees, rather than a final judgment. So it appears that the new judge may be required to familiarize himself or herself with this matter regardless of our remand. Under these circumstances, we conclude that it is appropriate to remand this matter to the trial court notwithstanding that a new judge may be required to preside over this case. *Cf.* ***Regions Com. Equip. Fin. LLC v. Richards Aviation Inc.***, No. W2020-00408-COA-R3-CV, 2021 WL 1811754, at *7 (Tenn. Ct. App. May 6, 2021) (vacating and remanding despite the fact that the original trial judge had retired).

The judgment of the Shelby County Probate Court is affirmed in part, vacated in part, and remanded to the trial court for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to Appellant Ida Steinberg, and one-half to Appellees, Renea Steinberg, Judy Franklin, and Kimberly Steinberg, for all of which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE