IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2022 Session

## IN RE ESTATE OF JOHN JEFFERSON WALLER

**Appeal from the Probate Court for Davidson County**
**No. 16P-1690          David Randall Kennedy, Judge**

———————————————————

**No. M2022-00183-COA-R3-CV**

———————————————————

A reverse mortgage borrower died.  The administrator of his estate petitioned the probate court to enjoin the lender from foreclosing and to set aside the loan and mortgage based on lack of capacity and fraud.  While the injunction against the lender was in place, the mortgaged property was sold.  On the administrator's motion, the probate court ordered the administrator to escrow the payoff amount for the reverse mortgage pending the outcome of the litigation.  After a bench trial, the probate court dismissed the estate's claims against the lender.  The administrator then asked the court for leave to release the escrowed funds in an amount equal to a payoff provided by the lender shortly before the sale.  The lender objected because the sale had occurred over four years before.  The lender requested payment of interest accruing since the sale and recovery of its attorney's fees and costs.  The probate court sided with the administrator and denied the lender's motion for attorney's fees and costs.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and JEFFREY USMAN, JJ., joined.

Paulson Varghese and Robert T. Lieber Jr., Brentwood, Tennessee, for the appellant, Reverse Mortgage Funding, LLC.

Peggy D. Mathes, Nashville, Tennessee, for the appellee, Public Administrator of the Estate of John Jefferson Waller, Jr.

**OPINION**

**I.**

In the months before his death in 2016, ninety-six-year-old John Jefferson Waller, Jr. was blind, bedridden, and non-verbal. Due to his many infirmities, he required assistance with all activities of daily living. But despite this, Mr. Waller wanted to live out the rest of his life in his Nashville home.

Purportedly to carry out his wishes, Annie Waller Burns, a relative who held a power of attorney to act on Mr. Waller's behalf, filled out a loan application for him with Reverse Mortgage Funding, LLC. Several weeks after Ms. Burns filled out the loan application, Mr. Waller was admitted to a nursing home due to his declining health. On September 7, 2016, a representative from Reverse Mortgage met with Mr. Waller in the nursing home and presented him with documents to sign. Mr. Waller signed both an adjustable rate note and a deed of trust for his home with an "X."

The note entitled Reverse Mortgage to demand immediate repayment if Mr. Waller's home was sold, it ceased to be his residence, or Mr. Waller died. The note further provided that "[Mr. Waller] promises to pay to the order of [Reverse Mortgage] a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest."[1] Interest accrued at the rate of 4.809% per year.

The following week, Reverse Mortgage deposited a $48,501 advance into Mr. Waller's bank account. The same day, Mr. Waller was transferred to a hospital; he died twelve days later.

In January 2017, the administrator of Mr. Waller's estate filed a petition with the probate court to set aside the note and deed of trust. The administrator also requested a temporary restraining order prohibiting Reverse Mortgage from foreclosing on the Waller home. Among other things, the administrator claimed that Ms. Burns and Reverse Mortgage conspired to induce Mr. Waller to obtain the reverse mortgage, even though he lacked contractual capacity, and that they had engaged in fraud and violated the Tennessee Adult Protection Act. *See* Tenn. Code Ann. § 71-6-120 (2019). And Ms. Burns allegedly misappropriated the loan proceeds to her own use just before and after Mr. Waller's death.

Shortly after filing the petition and obtaining the restraining order, the administrator put the Waller home up for auction. The administrator asked the probate court to approve the contract of sale with the winning bidder for $132,500. And she asked to delay paying off the loan to Reverse Mortgage pending the outcome of the litigation. The motion to

---

[1] As the name of the lender suggests, the loan was a "home equity conversion mortgage loan." *See* Tenn. Code Ann. § 47-30-102(8) (2013). The loan was nonrecourse as to Mr. Waller.

delay payment specified that the payoff amount through the end of February 2017 was $51,700.73. The court approved the sale and ordered the administrator to hold "adequate funds necessary to pay off the reverse mortgage . . . in the estate account pending further orders of [the court]."

On the petition to set aside, the administrator obtained an agreed judgment against Ms. Burns, the attorney-in-fact, for funds she removed from Mr. Waller's bank account. The claims against Reverse Mortgage ultimately came on for trial in August of 2020 and January of 2021. The court found that the administrator failed to prove that Mr. Waller lacked capacity to contract or that Reverse Mortgage engaged in any wrongful activity. So the court dismissed all claims against Reverse Mortgage with prejudice.

A.

Following the dismissal, Reverse Mortgage moved for turnover of funds sufficient to pay off its loan. It claimed that the unpaid balance of its loan as of March 31, 2021, was $78,118.02. Reverse Mortgage also filed a motion for attorney's fees and costs. It sought an award of $37,549.50 in attorney's fees and costs incurred "in filing and prosecuting its claims to enforce its interest in the [Waller home] as a result of the default under the Loan made subject to [the litigation]."

The court granted the motion for turnover, but only allowed the payment of $51,700.73, which the court described as "the amount of the payoff [for] which payment was held in abeyance pending completion of the litigation." The amount would be deemed "full payment for Reverse Mortgage's interest in th[e] Estate." Although it noted that the amount authorized represented a payoff from February 2017, the court reasoned that the delay in concluding the litigation was not the fault of either party. And it concluded that the instruments were "silent as to any mandatory obligation that interest . . . be paid." The court also found that Reverse Mortgage failed to make a claim with the estate within the time required by law.

The court denied the request for attorney's fees and costs. It concluded that the instruments were also silent as to any mandatory obligation to pay attorney's fees. And, similar to the claim for interest, Reverse Mortgage failed to make a timely claim with the estate for recovery of attorney's fees.

Reverse Mortgage moved to alter or amend. *See* TENN. R. CIV. P. 59.04. It argued that the court had committed an error of law by misreading the loan documents, which provided for interest accrual on the unpaid balance. Reverse Mortgage also argued that the court could make it an award of "prejudgment interest" as a matter of equity.

The court denied the motion to alter or amend. The court "f[ound] no contractual basis for paying Reverse Mortgage interest in any amount not contained in the $51,700.73

3

previously ordered."  And it found "no basis, in the interest of equity or otherwise, to award pre-judgment interest."

## B.

The administrator made her own request for fees, both on her own behalf and as legal counsel.  She requested fees totaling $43,726.50.  The request included fees associated with administration of the estate generally as well as fees for her litigation against Reverse Mortgage and Ms. Burns.  The court granted the administrator's fee request.

## II.

On appeal, Reverse Mortgage raises three issues for review.  The first two issues relate to the denial of its claim for interest on the loan accruing after the sale of the Waller home.  The final issue challenges the court's award of fees to the administrator.

## A.

Reverse Mortgage first argues it is entitled to interest based on its contract with Mr. Waller.  Construction of a contract is a matter of law, which we review de novo. *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006).  When interpreting a contract, we look to give effect to the intent of the contracting parties and interpret the contract language according to its plain meaning.  *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006).  The probate court erred when it found that the "instruments [were] silent as to any mandatory obligation that interest . . . be paid."

We conclude that the note expressly provided for the payment of "a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest."  Similarly, the deed of trust provided for payment when due of "the principal of, and interest on, the debt evidenced by the Note."  So we agree with Reverse Mortgage's interpretation of its documents.

But the court also found that Reverse Mortgage "failed to make a claim for payment of interest . . . within the time required by law."  By statute, "[a]ll claims against [an] estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted [by the probate court clerk]."  Tenn. Code Ann. § 30-2-307(a)(1) (2021).  The deadline for filing is "the end of twelve (12) months from the date of death of the decedent."  *Id.* § 30-2-310(a) (2021).  Reverse Mortgage concedes it never filed a claim with the estate.  So Reverse Mortgage's contractual claim for interest was barred by the failure to make a timely claim.

4

For its second issue, Reverse Mortgage argues that there was alternative basis for awarding interest. It claims entitlement to prejudgment interest as a matter of equity. Our "courts have always had the power to award prejudgment interest as an element of damages." *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 81 (Tenn. Ct. App. 2000); Tenn. Code Ann. § 47-14-123 (2013). An award of prejudgment interest "is within the sound discretion of the trial court." In exercising its discretion, "the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case." *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

Under the circumstances of this case, we find no abuse of discretion in denying prejudgment interest. Allowance of prejudgment interest would, in effect, partially excuse Reverse Mortgage's failure to file a timely claim against the estate.

B.

In its final issue, Reverse Mortgages argues that the probate court erred in awarding attorney's fees to the administrator and her counsel[2] because the administrator was not a prevailing party and her actions did not benefit the estate. Administrators "are entitled to . . . payment from the estate for reasonable expenses incurred in good faith for the exclusive and necessary benefit of the estate." *In re Estate of Wallace*, 829 S.W.2d 696, 700-01 (Tenn. Ct. App. 1992); Tenn. Code Ann. § 30-2-606 (2021). What expenses are reasonable is determined "in light of all the relevant circumstances" including, the nature and adequacy of the services rendered, and the value of the benefits conferred on the estate. *In re Estate of Wallace*, 829 S.W.2d at 701; *see also Carmack v. Fidelity-Bankers Trust Co.*, 177 S.W.2d 351, 355 (Tenn. 1944).

Attorney's fees incurred to benefit or protect the estate are the type of expenses for which repayment is appropriate. *Leaver v. McBride*, 506 S.W.2d 141, 145 (Tenn. 1974). "Deciding whether a party's attorney's fees should be paid by the estate does not necessarily hinge on the success of the party's claims." *In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005). Instead, "[t]he controlling question is whether the entire estate benefitted from the efforts of the party's lawyer." *Id.* We will not alter a court's decision regarding attorney's fees absent an abuse of discretion. *Id.* at 885; *In re Estate of Wallace*, 829 S.W.2d at 701.

We find no abuse of discretion in the award of fees to the administrator or her counsel. The administrator's actions benefitted the estate. While she did not succeed on her claims against Reverse Mortgage, she obtained a judgment against Ms. Burns in favor of the estate. And the administrator sold the Waller home for an amount in excess of the

---

[2] Based on the motion for fees, it appears that, in addition to representing herself, one other attorney may have provided legal services to the administrator.

mortgage.  She also successfully opposed Reverse Mortgage's claims for interest accruing after the sale of the home and for attorney's fees and costs.

### III.

The probate court properly denied Reverse Mortgage's request for recovery of additional interest on its loan based on its failure to file a timely claim against the estate. And the court did not abuse its discretion in awarding fees to the administrator or her counsel.  So we affirm.

_s/ W. Neal McBrayer_
W. NEAL MCBRAYER, JUDGE
